WARREN WILLIAMS CO., a Delaware corporation, Defendant below, Appellant,

v.

Catherine GIOVANNOZZI, Plaintiff below, Appellee.

Superior Court of Delaware, New Castle.

July 31, 1972.

---

---

Thomas Herlihy, III, Wilmington, for appellant.

James F. Waehler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee.

STIFTEL, President Judge.

A Justice of the Peace gave judgment in favor of Catherine Giovannozzi on January 3, 1972. On January 6, 1972, the attorney for Warren Williams Co. informed the Justice of his client's intention to appeal and requested a transcript and a decision on the amount of security required. The Justice, because of employee illness, did not supply the information until January 20, 1972; whereupon Appellant posted the re-quired security, three days after the expiration of the 15 day time limit for taking an appeal.[1]

Catherine Giovannozzi moves to dismiss the docketing of the appeal in this Court. She argues that the security must be entered by the Justice within the fifteen day appeal time limit. Appellant argues that the security need not be entered within the fifteen day limitation period but may be posted a reasonable time thereafter; especially so in this case, it says, because it was the fault of the Justice that the security was not promptly posted.

The fifteen day statutory requirement of § 9578(a) is jurisdictional. Williams v. Singleton, 2 Storey 488, 160 A.2d 376. If the appeal is not taken within the time limit, this Court cannot allow the appeal and will dismiss it. Dzedzej v. Prusinski, Del. Super., 259 A.2d 384, 386.

§ 9578(b) requires appellant to:

" . . . offer security in such sum as the justice deems sufficient to cover the judgment appealed from and the costs on the appeal."

The paragraph pertaining to the appeal time (§ 9578(a)) and the paragraph pertaining to security (§ 9578(b)) are not separate. They go together. II Woolley, Delaware Practice, § 1421.[2] The appeal is timely perfected only when the decided security is entered. If security is not properly entered within the fifteen day period, this Court must dismiss.

The security not having been timely entered, I have no alternative but to dismiss the docketing of the appeal in this Court.

Dismissed.

It is so ordered.

---

1. 10 Del.C. § 9578(a) reads as follows:
   "(a) An appeal shall be allowed by the Justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying it."

2. Judge Woolley comments:
   "Notwithstanding a party has fifteen days from the entry of the judgment by the justice within which to move for an appeal and enter security. . . ."
   See, also, § 1418.