**A & P STORES, Employer below, Appellant,**

v.

**Anna M. HANNIGAN, Claimant below,
Appellee.**

Supreme Court of Delaware.

Submitted Sept. 22, 1976.

Decided Nov. 23, 1976.

B. Wilson Redfearn, of Tybout & Redfearn, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

John Biggs, III, of Biggs & Battaglia, Wilmington, amicus curiae.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In *Price v. All–American Engineering Company*, Del.Supr., 320 A.2d 336 (1974), this Court held constitutional a Statute (58 Del.L., Ch. 96, as amended by 58 Del.L., Ch. 311) which increased the workmen's compensation benefits of persons totally disabled prior to May 27, 1971. The issue in the present case involves the amount

payable to certain persons who are entitled to increased compensation under *Price*.

In 1967 the Claimant sustained a compensable accident as a result of which she became entitled to total disability payments. Her wages at that time were $106 per week. The Statute then governing compensation for total disability, 19 Del.C. § 2334, provided that the Claimant be paid two-thirds of her wages not to exceed $50 weekly. And so she received $50 per week. Effective May 27, 1971, the benefit adjustment Statute, 19 Del.C. § 2334 (House Bill No. 234), became law with the following provisions:

"(a) Any person who is totally disabled on or after May 27, 1971 . . . shall be entitled to an additional amount of compensation as calculated under subsections (b) and (c) of this section, provided that the total amount to be received shall not exceed the maximum weekly benefit rate in § 2324 effective on September 1, 1970 . . . ."

"(b) In any case where a totally disabled person . . . is presently receiving the maximum weekly income benefit rate applicable at the time such award was made, the supplemental allowance shall be an amount which when added to such award would equal the maximum weekly benefit rate effective on September 1, 1970 . . . ."

The "maximum weekly benefit rate" referred to in § 2334 is specified in § 2324 which, in its present form, reads in relevant part as follows:

"For injuries resulting in total disability, the compensation to be paid during the continuance of total disability shall be 66⅔ percent of the wages of the injured employee . . . but the compensation shall not be more than $75 per week nor less than $25 per week. If at the time of injury the employee received wages of less than $25 per week, then he shall receive the full amount of such wages per week as compensation. . . ."[1]

The question is whether the Claimant, who was totally disabled prior to September 1, 1970 while receiving wages of more than $25 per week, is now entitled to receive two-thirds of her weekly wage (of $106) or all of her weekly wage with a $75 maximum.

Relying on an unreported opinion by the Superior Court in *Wilmington Medical Center v. Cuthbertson*, C.A. No. 5208, 1972 (decided January 16, 1975), the Trial Court affirmed the decision of the Industrial Accident Board which had determined that the "weekly benefit payable to the claimant for total disability shall be $75.00." In *Cuthbertson* the Court found ambiguity in the Statutes and, in construing them, concluded that the Legislature "intended to benefit the broadest possible class of persons who might come within" the terms of the amendment.

█ The issue is entirely one of statutory application and, under familiar principles, we are not permitted to construe the Statutes if they are unambiguous or if interpretation is unnecessary. In the absence of ambiguity, there is no room for construction. *Balma v. Tidewater Oil Company*, Del.Supr., 214 A.2d 560 (1965).

We turn now to the legislative language. Benefit adjustments are directed in § 2334(a) for a person who was totally disabled on May 27, 1971; such person is "entitled to an additional amount of compensation as calculated under subsections (b) and (c) . . . provided that the total amount to be received shall not exceed the maximum weekly benefit rate in § 2324 . . . ." Subparagraph (b) restates this as to a person who is receiving the maximum weekly income benefit.[2] It provides

---

1. A different section of the Statute applies to injuries resulting in total disability occurring after July 1, 1975. See 59 Del.L., Ch. 454.

2. Subparagraph (c) applies to a person receiving *less* than the maximum weekly income benefit.

that the "supplemental allowance shall be an amount which when added to . . . [the award being paid] would equal the maximum weekly benefit rate effective on September 1, 1970."

Both Paragraphs (a) and (b) thus provide for an adjustment in benefit to an amount not in excess of the "maximum weekly benefit rate." The crucial question is: What is that rate? And the answer thereto depends, in part at least, on the meaning of the word "maximum." Clearly, the reference is to § 2324, but to which part thereof? The word "maximum" may be read to relate to the first provision, namely: "66⅔ percent of the wages of the injured employee"; or, it may be read to relate to the "$75 per week" phrase in the Statute. Each is a "maximum." Therein lies an ambiguity as to what is intended in the benefit adjustment schedule. And it is compounded by the random use of the phrases "maximum weekly benefit rate" and "maximum weekly *income* benefit rate" (emphasis added) in § 2334.

■ Since there is ambiguity in the Statutes, our duty is to construe them and, in so doing, to search for the legislative intention in providing for adjustments in compensation. The history of the Acts, we think, clearly reveals what the General Assembly intended to do.

In 1970 the Assembly amended § 2324 and increased the maximum compensation for total disability from $50 per week to $75 per week. See 57 Del.L., Ch. 520.

The provision specifying 66⅔ percent of wages, which had been enacted in 1955, was *not* changed. The amendment was entirely to the dollar maximum provision. After the 1970 amendment to § 2324 a claimant who had been injured in 1965 sought a benefit adjustment, that is, he asked for an increase in payments to $75 per week; but his application was denied by the Industrial Accident Board and the Superior Court affirmed that ruling in an unreported opinion, *Bush v. Diamond State Canning Co.*, C.A. No. 5279, 1970. Almost immediately thereafter, House Bill 234 was enacted and became law on May 27, 1971, its effective date. And that is now § 2334 which we are called upon to construe in this appeal.

■■ Given this legislative history of § 2334(b), which was promptly enacted in reaction to *Bush*, we conclude that the General Assembly intended that a person in the position of the Claimant, that is, one who was receiving the maximum dollar amount per week under prior law, should receive the maximum dollar amount under the new law. Accordingly, we hold, under the circumstances of this case, that a person entitled to a supplemental allowance under § 2334(b) is entitled to an amount which when added to the award paid under prior law equals the maximum weekly benefit rate of $75 provided by § 2324.

The conclusion we reach is consonant with *Price*[3] and, indeed is necessary to make sense of § 2334(c).[4] While that subsection is not involved in this appeal, it

---

3. In *Price* we said:
   "It is undisputable that the changes in the workmen's compensation plan brought about by the Statute constitute express recognition by the General Assembly of the fact that the compensation benefit rates, then payable to totally disabled workers, had been rendered inadequate by an inflationary economy.

4. Section 2334(c) provides:
   "(c) In any case where a totally disabled person, . . . is presently receiving less than the maximum weekly income benefit rate applicable at the time such award was made, the supplemental allowance shall be an amount equal to the difference between the amount the claimant is presently receiving and a percentage of the maximum weekly benefit rate effective on September 1, 1970 or the benefit derived from § 2330 as of September 1, 1971, determined by multiplying it by a fraction, the numerator of which is his present award and the denominator of which is the maximum weekly rate applicable at the time such award was made."

is woven into the formula under subsection (a), just as much as subsection (b) is. And it provides for additional benefit to a person "presently receiving less than the maximum weekly income benefit rate," that is, less than the $50 fixed by prior law.

The Claimant is entitled to compensation in the amount of $75 per week. The judgment of the Superior Court is affirmed.