Mary Ann MURPHY, Plaintiff,
Appellant,

v.

BOARD OF PENSION TRUSTEES,
Defendant, Appellee.

Supreme Court of Delaware.

Submitted Jan. 18, 1982.

Decided March 2, 1982.

Samuel R. Russell (argued) of Biggs & Battaglia, Wilmington, for plaintiff, appellant.

Roger A. Brown, Deputy Atty. Gen. (argued) Wilmington, for defendant, appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

In this appeal we review and affirm an order of the Superior Court which, in effect, approved a decision by the Board of Pension Trustees.

I

Mary Ann Murphy (plaintiff) is a retired schoolteacher who served approximately forty-one years as a teacher in the Wilmington School District. Upon retirement she applied to the Board of Pension Trustees for a pension. See 29 Del.C. § 5501, etc. A dispute arose with the Board but, for present purposes, she and the Board agree on all but one crucial issue.

The parties agree that Mrs. Murphy served as a teacher both before 1977 and after 1976, and they agree as to the computation of the pension under their respective views of the governing Statute. The parties also agree that Mrs. Murphy's pension should be computed under the provisions of 29 Del.C. § 5527(a)(1)(ii). Their differing views of that Statute provide the only issue in controversy.

29 Del.C. § 5527 provides in pertinent part as follows:

"(a) The amount of the monthly service or disability pension payable to an employee or former employee shall be:

(1) In the case of an employee or former employee whose credited service under § 5501(b)(1), (2) and (3) of this title includes service before July, 1976, and who would have also been eligible to receive a service or disability pension under this chapter in effect immediately prior to the effective date of the 1976 Pension Act, the greater of (i) 1/60 of his or her prior final average compensation multiplied by the number of years, taken to the nearest twelfth of a year, in his or her period of credited service, subject to the maximum and minimum limitations specified in subsections (b) and (c) of this section, or (ii) 1/60 of his or her final average compensation multiplied by the number of

years, taken to the nearest twelfth of a year, in his or her period of credited service after 1976, plus 1/60 of his or her prior final average compensation multiplied by the number of years, taken to the nearest twelfth of a year, in his or her period of credited service before 1977, provided that the maximum limitation specified in subsections (b) and (c) of this section shall not apply;
. . . ."

The maximum limitation referred to in subsections (b) and (c) of the Statute is (for present purposes) $1,000. per month.

When the parties were unable to agree on the amount of Mrs. Murphy's pension, she petitioned the Superior Court for a Writ of Certiorari[1] and, after some preliminary proceedings, that Court agreed with the Board's view of the dispute, saying:

"The Board itself drafted and proposed subdivision (a)(1)(ii). 61 Del.Laws c. 454 Section 12 (1978). The purpose was stated thus in the synopsis of the bill: 'This clarifies the fact that the maximum pension limitation has been eliminated for credited service after 1976.' The purpose was not to remove the limitation for credited service before 1977. The 1976 Pension Act removed the $1,000 limitation for credited service thereafter, but maintained it for credited service before 1977, unless the participant makes an additional contribution. 60 Del.Laws c. 483 Section 19 (1976). Unfortunately, in attempting to clarify the 1976 Pension Act to more clearly provide that the limitation has been eliminated for credited service after 1976, a new ambiguity was created because the clarifying amendment can be read as eliminating the limitation for credited service before 1977 as

well. The intent of the agency submitting the bill is entitled to great weight when it has been enacted as submitted without any indication of a contrary legislative intent. Moreover, the Board has consistently interpreted the provision in question in the same way in other cases. Finally, the plaintiff's interpretation would render other parts of the statute, namely, subdivisions (a)(1)(i) and (a)(2)(a), meaningless."

Mrs. Murphy then docketed this appeal.

## II

The critical issue centers on the $1,000 limitation, that is, whether it applies to plaintiff's pre-1977 service.[2] Both parties agree that it does not apply to plaintiff's post-1976 service.

Plaintiff argues that if the Board's view is correct she will not receive any pension based upon her last four and a half years of State service. It may be that, in an equitable sense, she should be repaid any amount which she contributed to the pension fund during that period, but we are not free to correct any inequity in the pension law arising from the $1,000. ceiling which the General Assembly wrote in the Statute. And that limitation creates the problem.

 We are obliged, under settled rules of construction, to read the Statute as a whole and to harmonize the parts thereof.[3] *E. I. Du Pont De Nemours & Co. v. Clark*, Del.Supr., 88 A.2d 436, 438 (1952). Our duty in construing the Statute is to find the legislative intention and to give effect to it. *Mosley v. Bank of Delaware*, Del.Supr., 372 A.2d 178 (1977); *A & P Stores v. Hannigan*, Del.Supr., 367 A.2d 641 (1976). Section 5527(a) provides alternative

---

1. There does not appear to be a statutory right of appeal from a decision by the Board of Pension Trustees.

2. Under plaintiff's view of the statutory formula, she is entitled to a monthly pension of $1,235.97. The total fixed by the Board was $1,104.24 (a difference of $131.73 monthly).

3. Relying on such cases as *Brown v. Brown*, Del.Super., 29 A.2d 149 (1942) and *Gudgeon v.*

County of Ocean, N.J., 135 N.J.Super. 13, 342 A.2d 553 (1975), plaintiff argues that rules of grammatical construction require the result for which she argues. We do not disagree with those cases nor with the principles asserted, but plaintiff would have us focus only on grammatical usage in a specific sentence of § 5527. And that we may not do here because our duty is to ascertain legislative intent from the entire Statute.

**952**

methods for construing the amount of a monthly service pension and, plainly, under the first formula in subsection (i), the $1,000. limitation applies to pre-1977 service. As the Superior Court observed, that provision would be meaningless if the same limitation were construed under subsection (ii) to be *non*-applicable to pre-1977 service. Moreover, paragraph (a)(2)(a) of § 5527 also provides that the maximum amount payable "for years of credited service before 1977 shall be $1,000" and that, too, would be inconsistent with plaintiff's analysis of the Statute.

In sum, we are persuaded that the general legislative intent underlying the statutory language is to place a $1,000. limitation on pre-1977 service; that was, and is, a consistent factor in the plan formulated in § 5527. And that construction is supported by the Synopsis to the most recent amendments to § 5527. As the Superior Court noted, the 1978 amendment, 61 *Del.Laws* c. 454 Section 12 (H.B.1105) was intended to remove the maximum limitation as to service "after 1976" but, significantly, nothing was said (in the present context) about *pre-*1977 service.

Affirmed.