MARY A.O., Petitioner-Appellant,

v.

JOHN J.O., Respondent-Appellee.

Supreme Court of Delaware.

Submitted: July 14, 1983.

Decided: Dec. 29, 1983.

Charles K. Keil of Bayard, Brill & Handelman, P.A., Wilmington, for petitioner-appellant.

Susan C. Del Pesco of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for respondent-appellee.

Before HORSEY, MOORE and CHRISTIE, JJ.

PER CURIAM:

Appellant-wife appeals Superior Court's dismissal of her appeal from the Family Court for failure of appellant to post an appeal bond in accordance with 10 *Del.C.* § 960(d) and Family Court Rule 300(d).

Wife brought a suit in Family Court seeking specific performance of an educa-

tional provision contained in the parties' separation agreement and an examination of the adequacy of respondent-husband's monthly support payments. The Family Court denied wife's petition to the extent it sought upward modification of the child support order. Wife filed a notice of appeal within 30 days of the date of the disposition by Family Court but failed contemporaneously to apply for or give bond to the State of Delaware as required by 10 *Del.C.* § 960(d) and Family Court Rule 300(d). Husband moved to dismiss the appeal on the basis that wife's failure to seasonably furnish the prescribed security constituted a jurisdictional defect which deprived Superior Court of appellate authority. The Superior Court granted husband's motion and we affirm.

Section 960 of Title 10, governing the statutory right of appeal from Family Court to Superior Court in non-custody actions, provides in part:

(c) An appeal shall be taken within 30 days from the date of the disposition, or within such time as provided by law.
(d) The appellant shall give bond to the State in such sum, with or without surety, and conditioned as the Court may require.

Family Court Rule 300 [1] articulates substantially similar procedures for securing appellate review by Superior Court.

Wife's position on appeal is two-fold. First, wife contends that the posting of a bond within the 30-day appeal period is not a condition precedent to the perfection of an appeal to Superior Court. 10 *Del.C.* § 960; Family Court Rule 300. Specifically, wife argues that §§ 960(c) and (d) operate independently to permit the furnishing of security outside the time limited for an appeal.[2] In the alternative, wife advances policy considerations to challenge the necessity of posting security on the present facts. She claims that the judgment of the prevailing party does not need to be protected, *C. & G. Construction Co. v. Wright,* Del.Super., 355 A.2d 895 (1976), where, as here, the portion of the order appealed from "merely maintains the status quo between the parties." Husband, on the other hand, construes the bonding and filing requirements together and concludes that the survival of an appeal to Superior Court is contingent upon the timely furnishing of security.

■ Section 960 clearly mandates that "appellant *shall* give bond ... as the Court may require." 10 *Del.C.* § 960(d); Family Court Rule 300(d) (emphasis added). *See Poe v. Poe,* Del.Super., 333 A.2d 403 (1975). Moreover, unlike other statutes providing for appellate review, § 960 accords no exemption from the bond requirement to a petitioning Family Court litigant.[3] Conse-

1. The pertinent provisions of Rule 300 state:
(c) Time. An appeal shall be taken within 30 days from the date of the final judgment, disposition, or sentencing, or within such time as provided by law.
(d) Bond. Except in custody cases where bond is fixed by Superior Court and appeals by the State under Rule 310, the appellant shall give bond to the State of Delaware in such sum, with or without surety, and conditioned as the Court may require. (Underlined language does not appear in § 960).

2. Appellant primarily relies on the language at 10 *Del.C.* § 961(d), delimiting a party's right of appeal to Superior Court in custody suits, that "The appeal shall not be allowed *unless* the parent ... shall give bond to the State...." (emphasis added). Appellant claims the above language reflects clear legislative intent to provide a different method for taking an appeal in custody actions since duplicitous treatment of

custody and non-custody appeals would render meaningless the omission of a contemporaneous bond requirement in § 960.

3. We note § 9571(d) of Title 10, setting forth the statutory right of appeal from Justice of the Peace Court, expressly exempts an appellant from bond requirements in certain circumstances. Section 9571(d) specifically provides: "When the plaintiff is the appellant and no counterclaim is involved, such plaintiff need offer no security to cover the judgment appealed from or the costs; provided, that the costs of the proceedings before the justice are paid before the appeal is taken and the advance deposit for costs provided in the Superior Court Rules is made." Similarly, Family Court Rule 300(d) waives the posting of security "in custody cases where bond is fixed by Superior Court and appeals by the State...." Section 960 of Title 10, however, yields no analogous exemption for a petitioning party.

quently, the posting of security is a jurisdictional prerequisite to the perfection of an appeal from Family Court in non-custody actions. As the statute is unambiguous, there is no room for judicial construction. *A. & P. Stores v. Hannigan,* Del.Supr., 367 A.2d 641 (1976).

Section 960(c) also requires the taking of an appeal within 30 days of the entry of the disposition by Family Court. 10 *Del.C.* § 960(c); Family Court Rule 300(c). Wife, although conceding the mandatory nature of the bond requirement, claims that the period for posting security is not controlled by the 30-day filing limit of § 960(c). We disagree.

Wife's argument is one of statutory construction. Hence, this Court is obligated to read § 960 as a whole and to harmonize its parts. *Murphy v. Bd. of Pension Trustees,* Del.Supr., 442 A.2d 950, 951 (1982). Applying these settled rules of construction, we find § 960 plainly articulates two procedural requirements for taking an appeal to Superior Court: (1) filing a notice of appeal within 30 days of the disposition below; and (2) giving a bond in the amount determined by the Family Court. We are persuaded, as was Superior Court, that the bond requirement of § 960(d) would be meaningless if it were not limited by the temporal condition of § 960(c).

Further, we find that the 30-day filing period clearly controls all procedural requirements set forth under § 960.[4] *See, e.g., Harrison v. El Mundo Precioso, Inc.,* Del.Supr., 416 A.2d 210 (1980) (construing the bonding requirement of 10 *Del.C.* § 9571(b), governing appeals from Justice of the Peace Courts, as being controlled by the 15-day appeal limit of 10 *Del.C.* § 9571(a)); *Larochelle v. Birch,* N.H.Supr., 98 N.H. 190, 96 A.2d 573 (1953) (holding

that perfection of an appeal under statute requiring "person appealing shall give bond" mandates filing of appeal bond within time prescribed for appeal). Consequently, as wife failed to post the appropriate bond within the 30-day appeal limit, her claim is jurisdictionally defective. Superior Court thus properly dismissed the appeal for want of appellate jurisdiction.

With respect to wife's alternative argument, we agree with Superior Court's finding that § 960 manifestly omits any security exemption for appellants who prevailed below. The statutory language is unambiguous.

\* \* \*

Affirmed.

---

4. Although today's decision may be harsh, all statutes of limitation and all statutory appeal requirements are, by their very nature, "harsh" in that they arbitrarily establish jurisdictional prerequisites for initiating or maintaining a suit. Yet, the requirement that a security bond be filed within the allotted time for appeal is well established in Delaware. As President Judge Stiftel noted in *Warren Williams Co. v. Giovannozzi,* Del.Super., 295 A.2d 587 (1972) (holding that the 15-day filing sanction of 10 *Del.C.* § 9578(a) controls the bonding requirement of § 9578(b)), Judge Woolley commented in 1906 that a party taking an appeal from a justice of the peace must furnish security within the statutory period for noticing an appeal.