Madeline WILLIAMS, Defendant
Below, Appellant,

v.

Norris D. WEST, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Submitted: June 4, 1984.
Decided: July 25, 1984.

Rodney Don Sweet, Seaford, for appellant.

Robert C. Wolhar, Jr., Wolhar & Moore, P.A., Georgetown, for appellee.

Before HORSEY, MOORE, and CHRISTIE, JJ.

MOORE, Justice.

This appeal by the defendant, Madeline Williams, is from a decision of the Superior Court which affirmed a judgment of the Court of Common Pleas in favor of the plaintiff, Norris D. West, for labor and materials furnished in the construction of a house built for the defendant and her former husband. We address only the surety requirement of 10 *Del.C.* § 9572 applicable to bonds posted in civil appeals to the Superior Court. Because of the statute's unique, but unambiguous, mandate that such bonds be posted with surety, we have no recourse but to dismiss this appeal for lack of jurisdiction due to non-compliance with 10 *Del.C.* § 9572.

The statutorily prescribed language for an appeal bond, used to perfect an appeal from the Court of Common Pleas to Superior Court, is found in 10 Del.C. § 9572(a),[1] which expressly presupposes a surety: "On the ... day of ..., A.D., the said A.B. appeals and C.D. becomes surety in the sum of ... dollars," etc. Section 9572(b) incisively provides that "The entry of security shall be signed by the sureties or it shall be void". Noncompliance with this unambiguous jurisdictional statute is fatal to appellate review. *Ademski v. Ruth*, Del.Supr., 229 A.2d 837 at 839 (1967). Here, there was no bond, either in the form contemplated by 10 Del.C. § 9572(a) or

---

1. 10 *Del.C.* § 1318 provides that civil appeals from the Court of Common Pleas shall be taken "in the same manner as is provided by law as to causes tried before justices of the peace". Civil appeals from justices of the peace courts are governed by 10 *Del.C.* §§ 9571 and 9572, the latter of which concerns us here.

with surety. The defendant posted only a cash deposit denominated as a bond. Although we can conceive of no reason why cash is inadequate, the statute rejects it.[2]

Dismissal of this appeal is in line with Delaware precedents. In *Williams v. Singleton*, Del.Supr., 160 A.2d 376 (1960), we held that noncompliance with the predecessor statute to 10 *Del.C.* § 9571 was fatal to appellate jurisdiction. In *Ademski v. Ruth*, Del.Supr., 229 A.2d 837 (1967), the transcript failed to show any security on appeal. Because the predecessors to 10 *Del.C.* §§ 9571 and 9572 were jurisdictional statutes which required that security be posted, failure to follow them deprived the appellate court of jurisdiction. Appellee's motion to dismiss should have been granted by the lower court.[3] *See also, S. & S. Builders v. Eagle Truck Transport, Inc.*, Del.Super., 130 A.2d 558 (1957).

In other states with similar appeal bond statutes, the overwhelming weight of authority is to the effect that cash cannot substitute for a bond as appeal security absent specific authorization by the legislature. *See* Annot., 65 A.L.R.2d 1137.

Dismissal of an appeal taken in good faith, albeit with improper security, is the harsh but inevitable result where jurisdiction is negated by a statute. An unambiguous statute like 10 *Del.C.* § 9572 leaves no room for judicial construction even when it confounds the equities of a case. *Mary A.O. v. John J.O.*, Del.Supr., 471 A.2d 993 at 995 (1983); *A. & P. Stores v.*

*Hannigan*, Del.Supr., 367 A.2d 641 at 642 (1976). This statute admits of only two possible findings as to the entry of security: either validity or nullity. Harsh by nature, it requires that the appellant strictly follow it or suffer dismissal. *See Mary A.O.*, 471 A.2d at 995, n. 4.

The requirement of a surety bond and not cash as appeal security is an anachronism much in need of legislative reform. A cash security would fill the function intended of a surety bond at least as well as a surety. The underlying purpose of the appeal bond statutes is to protect the successful litigant and guarantee payment of the judgment. *Bernstein v. Burgess Battery Company*, Del.Supr., 171 A.2d 914 at 916 (1961). The legislature may also have wished to prevent frivolous appeals, considering that Delaware appellate courts have no discretionary appellate jurisdiction in matters of this type. Del.Const., art. IV, § 11(1)(a); 10 *Del.C.* § 1318. A victorious appellee's judgment would be protected better by the ready reserve of a cash security than by the pledge of a surety whose solvency may later be in doubt. And an appellant would be discouraged equally well from bringing a frivolous appeal by the requirement of either a surety bond or a cash security.

 We can envision cases where the rigid dictates of 10 *Del.C.* § 9572, together with the recurrent practice of acceptance of a "cash bond" by the lower courts, would unjustly force the dismissal of a meritori-

---

**2.** Appellant argues that the appeal was controlled by Superior Court Rule 72, which as amended in 1977 facially does not require a security bond. However, it is axiomatic that jurisdictional statutes have priority over rules of court.

**3.** In *Ademski,* the Court allowed the appellant to amend his defective security because it was felt that his right of appeal should not be defeated by the dereliction of a public officer (there a justice of the peace) who failed to write up the entry of security on his docket. In the present case, no court clerical error created the defect,

so the cases are inapposite as to amendment of defective security.

The record indicates that the Common Pleas judge might have required, and by his signature on appellant's "Appeal Bond-Cash" did approve, cash as security in this case. This practice may be widespread in the lower courts, but an erroneous appeal procedure which goes unchallenged does not create a binding precedent. Compliance with statutory jurisdictional requirements is the appellant's responsibility, as no one, not even a judge, may waive them. *Dixon v. Delaware Olds,* Del.Supr., 396 A.2d 963 at 966 (1978). We have no jurisdiction to per-

ous appeal.[4] However, if an otherwise valid statute causes or leads to an inequitable result, then it is the sole province of the legislature to correct it. *Public Service Commission v. Wilmington Suburban Water,* Del.Supr., 467 A.2d 446 at 451 (1983). A court's duty of fidelity to a valid and plain legislative mandate leaves no alternative even though the result appears anachronistic, and a different course would have been preferable. *Monroe Park v. Metropolitan Life Insurance Co.,* Del.

Supr., 457 A.2d 734 at 737 (1983). We commend this problem to the General Assembly for its consideration.

\* \* \*

APPEAL DISMISSED.

---

mit amendment of the form of security in the present case.

4. Here, we are satisfied that if we had reached the merits this appeal would not have been successful.