**DELAWARE SPEECH AND HEARING CENTER, INC., a corporation of the State of Delaware, Appellant herein, Defendant-below,**

v.

**Eleanor LANTZ, Appellee herein, Plaintiff-below.**

Superior Court of Delaware, Kent County.
Submitted: Jan. 2, 1985.
Decided: Jan. 23, 1985.

Stanley C. Lowicki, Wilmington, for appellant herein, defendant-below.

Jean A. Crompton of Morris, Nichols, Arsht & Tunnell, Dover, for appellee herein, plaintiff-below.

**1.** 10 *Del.C.* § 1318 provides:

From any order, rule, decision, or judgment of the Court in a civil action, the aggrieved party shall have the right of appeal to the Superior Court of the State in and for the county in which the judgment was rendered in the same manner as is provided by law as to causes tried before justices of the peace, except that appeals to the Superior Court shall be reviewed on the record and shall not be tried *de novo*. The Superior Court shall have the power to implement this section by rule.

RIDGELY, Judge.

This appeal on the record from the Court of Common Pleas for the State of Delaware by Delaware Speech and Hearing Center, Inc. ("Delaware Speech"), defendant-below, arises from a judgment being entered in favor of Eleanor Lantz ("Lantz"), plaintiff-below, in a contract action for the recovery of unpaid wages plus attorneys' fees and costs. Within fifteen days of final judgment in the Court of Common Pleas, Delaware Speech filed a Notice of Appeal to this Court with an Entry of Security on Appeal (without surety) and an Affidavit on Appeal stating that Delaware Speech is "basically indigent and insolvent" and that it is "unable to obtain a corporate surety for a bond on appeal." Lantz has moved to dismiss the appeal for failure to comply with the surety bond requirements of 10 *Del.C.* § 1318[1] and § 9571(b).[2] Delaware Speech does not contest its failure to comply with these statutory provisions, but rather argues that the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution require this Court to excuse its failure to comply with these legislative mandates because of its indigency.[3]

**I. The Equal Protection Claim**

■ In support of its equal protection claim, Delaware Speech relies upon *Lecates v. Justice of the Peace Court No. 4* 3rd. Cir., 637 F.2d 898 (1980) wherein the Court found that an indigent civil defendant's due process rights were violated to the extent that the surety bond requirement was not waivable on an appeal from a Justice of the Peace (JP) Court to Superior Court. However, the *Lecates* decision expressed no

**2.** 10 *Del.C.* § 9571(b) provides:

(b) The party appealing shall offer security in such sum as the justice deems sufficient to cover the judgment appealed from and the costs on the appeal.

**3.** For purposes of this motion to dismiss appeal, the Court will assume that Delaware Speech qualifies as indigent.

opinion on the merits of the equal protection claims which were raised. *Lecates, supra,* at 912 fn. 26. Delaware Speech has cited no other authority for its position, and, to the contrary, the Delaware Supreme Court has specifically held that the requirement of security on an appeal does not violate the Equal Protection Clause. *State ex rel. Caulk v. Nichols,* Del.Supr., 281 A.2d 24 (1971), *appeal dismissed,* 408 U.S. 901, 92 S.Ct. 2501, 33 L.Ed.2d 327 (1972). As stated by the U.S. Supreme Court in *Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972), "a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, [or] to guard a damage award already made."[4] The equal protection claim of Delaware Speech is, therefore, without merit.

## II. The Due Process Claim

In support of its due process claim, Delaware Speech again relies upon *Lecates v. Justice of the Peace Court No. 4, supra.* An analysis of the rationale for the holding in *Lecates* reveals that the Court's prescription for due process is actually met in the context of civil actions brought in the Court of Common Pleas. The *Lecates* court stated that "in Delaware, by virtue of the state constitution and general due process principles, a civil defendant's due process right to a 'meaningful opportunity to be heard' entails the right to a jury trial and to a legally trained judge at some point during the process of adjudication." *Lecates* at 911.

The initial focus of a due process inquiry is upon the protections afforded a civil defendant at the trial level because "... if a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a state to provide appellate review." *Lindsey* 405 U.S. at 77, 92 S.Ct. at 876. Although there are no civil jury trials in the Court of Common Pleas, a defendant may remove the case to Superior Court for a jury trial simply by demanding one and by paying a filing fee which can be waived on proof of indigency. 10 *Del.C.* § 1320(b); Super.Ct.C.R. 112. In the case at bar, Delaware Speech chose not to exercise its removal option, and it thereby waived its right to a jury trial. 10 *Del.C.* § 1320(c).

Delaware Speech has also been afforded its due process right to a legally trained judge during the process of adjudication. The judges of the Court of Common Pleas, to qualify for appointment, must "have been actively engaged in the general practice of law in the State for at least 5 years." 10 *Del.C.* § 1302(b). A meaningful opportunity to be heard consistent with the State constitution and general due process principles has been provided.

I therefore hold that the surety bond requirements of 10 *Del.C.* § 1318 and § 9571(b) for the perfection of an appeal from the Court of Common Pleas to the Superior Court are consonant with both the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and that this Court may not excuse a failure to comply with these legislative mandates. Although Delaware Speech argues that it is unfair to an indigent to condition appellate review of a civil judgment of the Court of Common Pleas on the posting of a bond with surety, if an otherwise valid statute leads to an inequitable result, then it is the sole province of the legislature to correct it. *Williams v. West,* Del.Supr., 479 A.2d 1253, 1255 (1984); *Public Service Commission v. Wilmington Suburban Water,* Del.Supr., 467 A.2d 446, 451 (1983).

Accordingly, the motion to dismiss is granted.

IT IS SO ORDERED.

---

**4.** This *dicta* in *Lindsey* was made in the context of the Court's discussion of its holding that a double-bond requirement on appeal of a forcible entry and wrongful detainer action did violate the Equal Protection Clause since it was unrelated to the specific damage sustained.