**Michael J. CARNEY, Respondent Below Appellant,**

v.

**Kristine S. QUALLS, Petitioner Below Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: Nov. 5, 1985.
Decided: May 15, 1986.

---

Jeffrey M. Weiner, of Bayard, Handelman & Murdoch, P.A., Wilmington, for appellant.

Eric L. Grayson, of Walsh and Monzack, P.A., Wilmington, for appellee.

GEBELEIN, Judge.

This case involves the attempt of Michael J. Carney to appeal a decision of Family Court with respect to enforcement of a separation agreement requiring both parties to contribute to the private school education of their children. The facts relating to the issue raised are not in dispute.

On April 30, 1985, the Family Court entered an order deciding the issues for which review is sought. On May 19, 1985, Mr. Carney filed an appeal of that decision with the Delaware Supreme Court. Mrs. Qualls, the petitioner in Family Court, filed a motion to dismiss that appeal based upon the argument that the Supreme Court was not the proper forum for this appeal and, therefore, lacked subject matter jurisdiction. The Supreme Court, by order dated July 5, 1985, granted the motion to dismiss, but stated further:

> ... pursuant to the provisions of 10 *Del. C.* § 1902, leave is hereby granted to the appellant to transfer this appeal to the Superior Court, provided that he files in this Court a written election of transfer within 60 days and otherwise complies with the provisions of § 1902. *Carney v. Qualls*, Del.Supr., 497 A.2d 784 No. 161, 1985, J. Moore (July 5, 1985).

Appellant promptly moved Family Court to set an appeal bond in the case, and filed his appeal bond on July 22, 1985. On July 24, 1985, Carney filed his election of transfer with the Supreme Court and the case was transferred to Superior Court.

■ Mrs. Qualls argues that since the posting of an appeal bond within 30 days of the decision of Family Court is a jurisdictional prerequisite to perfecting an appeal to Superior Court; and since such a bond was not filed until July 24, 1985, this Court lacks jurisdiction and must dismiss the appeal. *See, for example, Mary A. O. v. John J. O.*, Del.Supr., 471 A.2d 993 (1983). This argument, if correct, would emasculate 10 *Del. C.* § 1902 as it relates to appeals. The clear purpose of this removal statute can be taken from its very language:

> No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of

the subject matter, either in the original proceeding or on appeal.

As the Supreme Court has noted, this statute is remedial in nature and is designed to prevent a case from being totally precluded because it was brought in the wrong court. *Wilmington Trust Co. v. Schneider*, Del. Supr., 342 A.2d 240 (1975).

Likewise, the statute itself provides guidance in how it is to be interpreted:

> This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice.

Thus, the Courts have held that this statute must be liberally applied in order to achieve its purposes. *Family Court v. Giles*, Del. Supr., 384 A.2d 623 (1978).

■ The statute further expressly provides that to achieve its purposes:

> For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court.

This provision of 10 *Del. C.* § 1902 if construed liberally to achieve the purposes of the statute would mean that the actions taken pursuant to the Supreme Court order of July 5, 1985 to perfect or effectuate the transfer of the appeal to Superior Court would be deemed to have occurred at the time the appeal was filed in the Supreme Court. Thus, by operation of 10 *Del. C.* § 1902, the appeal bond would be deemed to have been filed on May 19, 1985 within the statutory appeal period.

To hold otherwise would require parties to attempt simultaneous appeals to preserve their rights in areas where subject matter jurisdiction for appeal is not clear. This is just the result sought to be avoided by 10 *Del. C.* § 1902.

For the reasons stated, the Court must deny appellee's motion to dismiss.

IT IS SO ORDERED.