# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| PAZUNIAK LAW OFFICE LLC and GEORGE PAZUNIAK, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) C.A. No. N14C-12-259 EMD |
| v. | )<br>) |
| PI-NET INTERNATIONAL, INC. and LAKSHMI ARUNACHALAM, | )<br>)<br>) |
| Defendants. | )<br>) |
| LAKSHMI ARUNACHALAM, | )<br>) |
| Counterclaim Plaintiff and Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| PAZUNIAK LAW OFFICE LLC and GEORGE PAZUNIAK, | )<br>)<br>) |
| Counterclaim Defendants, | )<br>) |
| and | )<br>) |
| O'KELLY AND ERNST, LLC | )<br>) |
| Third-Party Defendant. | ) |

*Upon Defendant Lakshmi-Arunachalam Ph.D.'s Renewed Motion in 14-Point Font for Summary Judgment to Dismiss Counts I and II of Plaintiffs' Second Amended Complaint and to Vacate Default Judment against Pi-Net as Plaintiffs Got That by Fraud on the Court and Perjury*
***DENIED***

Dr. Lakshmi Arunachalam, Menlo Park, California, Defendant *Pro Se*

George Pazuniak, Esquire, Pazuniak Law Office, LLC, Wilmington, Delaware, *Attorney for Plaintiffs/Counterclaim Defendants Pazuniak Law Office LLC and George Pazuniak*

Ryan M. Ernst, Esquire, Sean T. O'Kelly, Esquire, O'Kelly & Ernst, LLC, Wilmington, Delaware, *Attorneys for Third-Party Defendant O'Kelly and Ernst, LLC.*

## I. INTRODUCTION

This is a declaratory judgment action brought by Plaintiffs Pazuniak Law Office LLC and George Pazuniak (collectively, "Pazuniak Law") against Defendants Pi-Net International, Inc. ("Pi-Net") and Lakshmi Arunachalam, Ph.D.  Through the Second Amended Complaint, Pazuniak Law seeks a declaration regarding the distribution of certain funds held in an IOLTA trust account.  Pazuniak Law also seeks a declaration as to its right to recover costs for providing files to Pi-Net upon the termination of Pazuniak Law's services to Pi-Net and Dr. Arunachalam. Dr. Arunachalam answered the Second Amended Complaint (the "Answer") and counterclaimed against Pazuniak Law and a new third party, O'Kelly and Ernst, LLC (the "O'Kelly Firm").  Pi-Net never filed an answer and the Court entered default judgment against Pi-Net on February 21, 2017.

Dr. Arunachalam now seeks summary judgment on Counts I and II of the Second Amended Complaint.  Dr. Arunachalam also seeks to vacate the default judgment entered against Pi-Net.  On April 11, 2017, Dr. Arunachalam filed Defendant Lakshmi Arunachalam, Ph.D.'s Renewed Motion in 14-Point Font for Summary Judgment to Dismiss Counts I and II of Plaintiffs' Second Amended Complaint and to Vacate Default Judment against Pi-Net as Plaintiffs got that by Fraud on the Court and Perjury (the "Motion").  Pazuniak Law responded to the Motion with the Answering Brief in Opposition to Motions for Summary Judgment and to Vacate Default Judgment Filed by Defendant Arunachalam; and Cross Motion for Summary Judgment (the "Opposition").  Pazuniak Law filed the Opposition on May 2, 2017.[1]  Dr. Arunachalam replied on May 15, 2017 with Defendant Lakshmi Arunachalam, Ph.D.'s Reply

---

[1] Pazuniak Law titles its Opposition "Cross Motion for Summary Judgment," but Pazuniak Law does not actually move for summary judgment or provide any facts in support of summary judgment in the Opposition.  Therefore, the Court is treating the Opposition as an answer to the Motion, and not as a motion for summary judgment by Pazuniak Law.

Brief to Plaintiffs' Opposition to Defendant's Motions for Summary Judgment and to Vacate Default Judgment; Opposition to Plaintiffs' Cross Motion for Summary Judgment; Defendant's Motion to Intervene Pursuant to Rules 17, 19, and 24; and Motion to Substitute Parties Pursuant to Rules 17 and 25(c) (the "Reply").

Upon review, the Court has determined that no hearing on the issues and arguments raised in the Motion, the Opposition and the Reply is necessary. This is the Court's decision on the Motion. For the reasons set forth below, the Court **DENIES** the Motion.

## II. RELEVANT FACTS

Pazuniak Law Office LLC is a law firm organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.[2] George Pazuniak is an attorney licensed to practice law in the State of Delaware and is the owner of Pazuniak Law Office LLC.[3]

Pi-Net International, Inc., a California corporation, is the assignee of certain patents invented by Lakshmi Arunachalam.[4] Lakshmi Arunachalam, a California resident, is the principal owner and chief executive officer of Pi-Net and a related entity, WebXchange, Inc. ("WebX").[5]

### A. PAZUNIAK LAW REPRESENTS PI-NET AND DR. ARUNACHALAM

On January 25, 2012, Pazuniak Law entered into a retainer agreement (the "Retainer Agreement") with Dr. Arunachalam, Pi-Net, and WebX.[6] Dr. Arunachalam hired Pazuniak Law

---

[2] Pls.' Second Am. Compl. ¶ 1.
[3] *Id.* ¶ 2.
[4] *Id.* ¶ 3. As discussed more fully below, Dr. Arunachalam has indicated that Pi-Net has been dissolved and no longer exists. However, Dr. Arunachalam has not provided the Court with any documentation confirming Pi-Net's corporate dissolution.
[5] *Id.* ¶ 4.
[6] Dr. Arunachalam, Pi-Net and WebX are collectively defined as the "Client" in the Retainer Agreement. *Id.* ¶ 5; *see also* Def.'s Answer, Ex. A, Retainer Agreement. Exhibit A to the Answer will be cited as "Agreement § __" or "Agreement p. __" if no section is specified.

to litigate a series of WebX and Pi-Net patent infringement cases in the United States District Court for the District of Delaware (the "Delaware District Court").[7] Pursuant to the Retainer Agreement, recoveries for alleged patent infringement obtained by Pazuniak Law on behalf of Pi-Net and Dr. Arunachalam would be placed into Pazuniak Law's IOLTA escrow trust account.[8] Thereafter, a portion of the recoveries would be retained in escrow and the remainder distributed to Pi-Net, Dr. Arunachalam, and Pazuniak Law in accordance with the terms of the Retainer Agreement's contingent fee schedule.[9]

Over the next two years, Pazuniak Law represented Dr. Arunachalam and Pi-Net in a series of patent infringement cases in the Delaware District Court.[10] After a series of disagreements, however, Pi-Net and Dr. Arunachalam terminated Pazuniak Law as counsel on August 12, 2014.[11] After the termination, Pazuniak Law attempted to make a final distribution of the funds in the IOLTA trust account.[12] Pi-Net and Dr. Arunachalam contested and ultimately rejected Pazuniak Law's accounting of the funds.[13]

Thereafter, Pi-Net and Dr. Arunachalam filed a series of complaints with the Delaware Office of Disciplinary Counsel ("DODC"). The DODC did not find any error in Pazuniak Law's legal representation of Dr. Arunachalam and Pi-Net. However, DODC advised Pazuniak Law to clear the trust account, even if it required filing an interpleader action.

---

[7] Agreement § 1.
[8] *Id.* §§ 3(c), 4.
[9] *Id.* § 3(f).
[10] *See e.g., Pi-Net Int'l, Inc. v. JPMorgan Chase & Co.*, C.A. No. 12-282, 2014 WL 1370038, at *1 (D. Del. Apr. 7, 2014).
[11] Second Am. Compl. ¶ 9.
[12] *Id.* ¶¶ 11, 16.
[13] *Id.*

**B. PAZUNIAK LAW SEEKS DECLARATORY JUDGMENT AS TO THE FUNDS IN ITS IOLTA TRUST ACCOUNT**

On September 19, 2014, Pazuniak Law filed an action in the Court of Common Pleas seeking a declaratory judgment regarding the distribution of the trust funds (the "Initial Complaint"). The Initial Complaint sought declaratory judgment against Pi-Net only, as Dr. Arunachalam disputed only those expenses related to Pi-Net patent litigations.

On November 14, 2014, Dr. Arunachalam filed a complaint against Pazuniak Law in the U.S. District Court for the Northern District of California (the "California District Court"). The complaint asserted claims for malpractice, breach of fiduciary duty, theft, blackmail, elder abuse, sexual and ethnic harassment, intoxication, and mental instability. By motion of Pazuniak Law, the California District Court transferred the case to the Delaware District Court (the "Delaware District Court Action").[14] The Delaware District Court Action remains active and is pending before the Delaware District Court.[15]

Based on the claims in the Delaware District Court Action, on December 1, 2014, Pazuniak Law filed a First Amended and Supplement Complaint (the "First Amended Complaint"). The First Amended Complaint added claims against both Pi-Net and Dr. Arunachalam for libel and tortuous interference with prospective business opportunities. Pazuniak Law also moved to transfer this action to this Court under 10 *Del. C.* § 1902 ("Section 1902"). The Court of Common Pleas entered an order transferring this action on December 19, 2014. Dr. Arunachalam filed an initial answer to the First Amended Complaint on October 7, 2016.

---

[14] *See e.g., Arunachalam v. Pazuniak*, C.A. No. 14-CV-05051, 2015 WL 1249877, at *1 (N.D. Ca. Mar. 17, 2015).
[15] *See e.g., Arunachalam v. Pazuniak*, C.A. No. 15-259, 2016 WL 748005, at *1 (D. Del. Feb. 24, 2014) (granting in part and denying in part Pazuniak Law's motion to dismiss).

## C.  LITIGATION IN THIS COURT

Since receiving this civil action, the Court has issued dozens of orders on various issues raised by the parties, few of which addressed or resolved any dispositive issue.[16]  Most notably, the Court denied multiple requests by Dr. Arunachalam to substitute herself for Pi-Net or otherwise act on behalf of Pi-Net.[17]  The Court explained that Pi-Net, as a corporation, had to be represented by a licensed attorney and could not appear *pro se*.  Specifically, in an Order dated June 30, 2016, the Court explained:

> Pi-Net cannot proceed *pro se* in this civil action.  A corporation is regarded as an artificial or fictional entity, and not a natural person.  This is true even though a corporation, like Pi-Net, is a legally recognized entity. A natural person may represent himself or herself in this Court even though he or she is not a licensed attorney. However, a corporation, being an artificial entity, can only act through its agents and, before this Court only through an agent duly licensed to practice law. Going forward, the Court will not accept pleadings filed by Pi-Net unless such pleadings are filed by a licensed attorney.[18]

Later in an Order dated October 19, 2016, the Court explained that even if Pi-Net was now "defunct," as argued by Dr. Arunachalam, Pi-Net still could not appear *pro se*:

> Even if Dr. Arunachalam dissolved Pi-Net in compliance with California law, the Court cannot substitute Dr. Arunachalam for Pi-Net and allow Dr. Arunachalam to proceed on behalf of Pi-Net *pro se*.  Regardless of who wound up and dissolved Pi-Net, that person, as an individual, cannot represent Pi-Net *pro se* in court.  The Court noted in the June 30, 2016 Order that a corporation can only act through its agents, and, before this court only through an agent duly licensed to practice law. This principle still applies.  Dr. Arunachalam is not licensed to practice law and cannot act on behalf of Pi-Net in this Court in a *pro se* capacity.[19]

No attorney ever entered an appearance on behalf of Pi-Net, and Pi-Net never answered the Initial Complaint or the First Amended Complaint.  Consequently, on October 24, 2016,

---

[16] *See* D.I. Nos. 63–70, 77, 87, 104, 124, 136, 143, 146, 156–57, 173, 175, 202, 206–07, 209, 212–16, 233, 235, 250, 267, 269, 272–73.
[17] *See* D.I. Nos. 65, 124, 143.
[18] *See* D.I. No. 65.
[19] *See* D.I. No. 124.

Pazuniak Law filed a motion for entry of default judgment against Pi-Net.[20]  On February 21, 2017, the Court entered a default judgment (the "Default Judgment Order") against Pi-Net, but reserved judgment as to distribution of the IOLTA funds as between Pazuniak Law and Pi-Net until the other claims in this case are resolved.[21]

On February 23, 2017, the Court granted Pazuniak Law leave to file a second amended complaint (the "Second Amended Complaint").[22]  The Second Amended Complaint, filed on March 8, 2017, dismissed the tort claims against Pi-Net and Dr. Arunachalam and added a new claim for declaratory judgment against Dr. Arunachalam.[23]  The Second Amended Complaint now seeks declaratory judgment as to Pi-Net (Count I) and Dr. Arunachalam (Count II) regarding distribution of the trust funds and Pazuniak Law's right to recover costs for providing certain files to Pi-Net.

On April 7, 2017, Dr. Arunachalam filed the Answer and asserted ten counterclaims against Pazuniak Law and the O'Kelly Firm.[24]  On April 13, 2017, Pazuniak Law and the O'Kelly Firm moved to dismiss the counterclaims and third-party claims.[25]  By opinion issued concurrently with this Opinion, the Court granted in part and denied in part the motion to dismiss.  The Court allowed the counterclaim for breach of contract against Pazuniak Law to proceed.  The Court denied all other counterclaims and dismissed the O'Kelly Firm from this civil action.

---

[20] *See* D.I. No. 125.
[21] *See* D.I. No. 216.  The Court understands that Pi-Net, WebX and Dr. Arunachalam are collectively the "Client" in the Retainer Agreement.  Therefore, the Court felt it premature to make any further determinations with respect to Pi-Net until all the parties' rights with respect to the Retainer Agreement had been resolved.
[22] *See* D.I. No. 213.
[23] *See* D.I. No. 246
[24] *See* D.I. No. 253.
[25] *See* D.I. No. 259.

Dr. Arunachalam now seeks summary judgment on the declaratory judgment Counts I and II. Dr. Arunachalam also seeks to vacate the Default Judgment Order entered against Pi-Net, and, in the Reply, raises for the first time a request to "intervene pursuant to Rules 17, 19, and 24" and "substitute parties pursuant to Rules 17 and 25(c)."

## III. PARTIES' CONTENTIONS

Dr. Arunachalam asserts various arguments in support of the Motion—that she is the real party in interest under the Retainer Agreement, that Pazuniak Law failed to attach the Retainer Agreement to the Second Amended Complaint, and that Pazuniak Law fraudulently filed this civil action in the Court of Common Pleas. Dr. Arunachalam also argues that the Court should vacate the Default Judgment Order against Pi-Net because Pazuniak Law obtained it through fraud.

Pazuniak Law contends the allegations in the Motion are incomprehensible and do not demonstrate the absence of a genuine issue of material fact. Pazuniak Law further contends the Default Judgment Order is proper because Pi-Net never filed an answer or otherwise responded to the Initial Complaint or First Amended Complaint.

## IV. STANDARD OF REVIEW

### A. SUMMARY JUDGMENT

The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[26] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to

---

[26] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).

8

judgment as a matter of law.[27] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[28] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[29] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[30]

## B.   VACATUR

Superior Court Civil Rule 60 ("Rule 60") governs relief from a final judgment or order. Rule 60(a) allows any party in a civil action to file a motion to correct "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission."[31] In addition, Rule 60(b) permits the Court to vacate a final judgment, order, or proceeding for the following reasons:

> (1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.[32]

---

[27] *Id.*
[28] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[29] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[30] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[31] Super. Ct. Civ. R. 60(a).
[32] Super. Ct. Civ. R. 60(b).

## V. DISCUSSION

### A. THE COURT WILL NOT VACATE THE DEFAULT JUDGMENT ORDER

Dr. Arunachalam argues that the Court should vacate the Default Judgment Order against because that order was obtained through fraud. Although not clearly articulated, it appears Dr. Arunachalam is seeking to vacate the Default Judgment Order under Rule 60(b)(3) based on Pazuniak Law's purported fraud.

A motion under Rule 60(b)(3) may be granted where the movant demonstrates fraud, misrepresentation, or other misconduct of an adverse party.[33] The Delaware Supreme Court has explained that a Rule 60(b)(3) motion is "reserved for situations where a party has engaged in fraud or misrepresentation that prevents the moving party from fairly and adequately presenting his or her case."[34] This is a high standard that requires "the most egregious conduct involving a corruption of the judicial process itself."[35]

Dr. Arunachalam provides no evidence of any fraud or misrepresentation by Pazuniak Law. Dr. Arunachalam argues that Pazuniak Law's initial filing in the Court of Common Pleas somehow tricked this Court into entering default judgment.[36] While Pazuniak Law may have erred when it filed the First Amended Complaint in the Court of Common Pleas thereby creating a subject matter jurisdiction problem, Pazuniak Law remedied that by transferring the civil action to this Court under Section 1902. Pazuniak Law's conduct was not impermissible or otherwise fraudulent; in fact, it is expressly contemplated by Section 1902.[37]

---

[33] Super. Ct. Civ. R. 60(b)(3).
[34] *MCA, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 639 (Del. 2001).
[35] *Id.* at 638.
[36] Def.'s Mot. p. 2–3; Def.'s Reply p. 32–33.
[37] *See Carney v. Qualls*, 514 A.2d 1126, 1128 (Del. Super. 1986) (explaining that 10 *Del. C.* § 1902 is "remedial in nature and designed to prevent [a] case from being totally precluded because [the] case was brought in the wrong court").

Dr. Arunachalam also fails to articulate how the purported fraud brought about the Default Judgment Order. The Court took care to instruct Dr. Arunachalam on the proper procedure for representing a corporation under Delaware law. The Court told Dr. Arunachalam numerous times that she could not, as a *pro se* litigant and non-attorney, represent Pi-Net in this civil action. Instead, the Court told Dr. Arunachalam that Pi-Net had to be represented by an attorney licensed to practice law. Despite this instruction, no attorney entered an appearance on behalf of Pi-Net or on behalf of the representative charged with dissolving and winding up Pi-Net, and Pi-Net never filed an answer to the Initial Complaint or First Amended Complaint. The Court accordingly entered the Default Judgment Order after proper motion by Pazuniak Law.

Finally, Dr. Arunachalam does not and cannot allege that the purported fraud has denied her the opportunity to fairly and adequately present her case. Since receiving this civil action in 2015, the Court has issued dozens of orders and has held numerous hearings and teleconferences on dispositive and non-dispositive issues. This includes three separate motions and orders concerning the issue underlying the Declaratory Judgment Order.

Therefore, the Court finds that Dr. Arunachalam fails to meet the high Rule 60(b)(3) standard, and the Court will not vacate the Default Judgment Order.

## B. THE COURT WILL NOT GRANT SUMMARY JUDGMENT ON COUNTS I AND II

Dr. Arunachalam next seeks summary judgment on Counts I and II of the Second Amended Complaint. Count I asserts a declaratory judgment claim against Pi-Net, and Count II asserts a declaratory judgment claim against Dr. Arunachalam.

Count I of the Second Amended Complaint is not a newly asserted cause of action upon which Dr. Arunachalam can move for summary judgment. As indicated above, Count I pertains to the proper distribution of funds to Pi-Net under the terms of the Retainer Agreement.

11

Pazuniak Law first asserted Count I when it filed its initial complaint in the Court of Common Pleas. The Court cannot grant summary judgment on Count I because the Court has already entered default judgment on Count I against Pi-Net. Through the Default Judgment Order, the Court entered default judgment against Pi-Net, but reserved judgment as to distribution of the IOLTA funds until the other claims in this case are resolved. As discussed above, the Court will not vacate the Default Judgment Order. Therefore, the Court cannot grant summary judgment in favor of Dr. Arunachalam on behalf of Pi-Net on Count I.

The Court also cannot grant summary judgment in favor of Dr. Arunachalam on Count II. Dr. Arunachalam does not articulate why summary judgment is appropriate on the declaratory judgment claims. In fact, Dr. Arunachalam asserts little, if any facts related to the declaratory judgment claims. Instead, Dr. Arunachalam devotes the Motion to arguing that Pazuniak Law: (i) withheld the Retainer Agreement from the Court; and (ii) defrauded this Court by originally filing this action in the Court of Common Pleas. These allegations are unrelated to whether Pazuniak Law's proposed distribution of the IOLTA account funds is proper—the issue underlying the declaratory judgment claims and this civil action. These allegations also fail to establish the absence of a genuine issue of material fact, or that Dr. Arunachalam is entitled to judgment on the declaratory judgment claims as a matter of law.

As such, the Court will deny summary judgment on Count II.

**C.  THE COURT WILL DENY THE MOTION TO INTERVENE AND THE MOTION TO SUBSTITUTE**

For the first time in the Reply, Dr. Arunachalam asks to "intervene pursuant Rules 17, 19, and 24" and to "substitute parties pursuant to Rules 17 and 25(c)." This marks the third time that Dr. Arunachalam has asked to substitute on behalf of Pi-Net.

12

Dr. Arunachalam moves principally under Superior Court Civil Rule 17 ("Rule 17"). Dr. Arunachalam argues that, as the "real party in interest" to this civil action, she has an "unconditional right to intervene and to substitute in place of Pi-Net" under Rule 17.[38] Dr. Arunachalam also contends that the Court improperly entered default judgment against Pi-Net because Rule 17 states that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for . . . joinder or substitution."[39] Dr. Arunachalam claims that she was not given reasonable time to substitute on behalf of Pi-Net before the Court entered default judgment.

Dr. Arunachalam misunderstands Rule 17. Rule 17 provides that "every action shall be *prosecuted* in the name of the real party in interest."[40] Here, Pazuniak Law brought this civil action on behalf of itself, the real party in interest to the IOLTA trust funds in its possession and as a party to the Retainer Agreement. The other parties (or "real party in interest") to the Retainer Agreement include Pi-Net and Dr. Arunachalam. Rule 17 does not provide a basis for Dr. Arunachalam, as a defendant in this civil action, to substitute herself or intervene on behalf of Pi-Net. Rule 17 also does not provide a basis for a finding that the Court improperly entered default judgment against Pi-Net.

The Court notes that Dr. Arunachalam's attempt to substitute on behalf of Pi-Net is now moot at this stage in the litigation. The Court has entered default judgment against Pi-Net. This means that judgment has been entered in favor of Pazuniak Law as it relates to Pi-Net. Therefore, Dr. Arunachalam is foreclosed from attempting to represent Pi-Net's interest or otherwise substitute herself on behalf of Pi-Net.

---

[38] Def.'s Reply p. 3
[39] *Id.*
[40] Super. Ct. Civ. R. 17(a) (emphasis added).

13

## VI. CONCLUSION

For the reasons set forth above, the Court will **DENY** Defendant Lakshmi Arunachalam, Ph.D.'s Renewed Motion in 14-Point Font for Summary Judgment to Dismiss Counts I and II of Plaintiffs' Second Amended Complaint and to Vacate Default Judment against Pi-Net as Plaintiffs got that by Fraud on the Court and Perjury.

Dated: August 25, 2017
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

14