# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTHONY NIEVES and KRISTEN CUIFFO,

  Plaintiffs,

    v.

INSIGHT BUILDING CO., LLC, d/b/a INSIGHT HOMES, 36 BUILDERS, INC. d/b/a INSIGHT HOMES, INC., INSIGHT HOMES, INC., and INDIAN MISSION INVESTMENTS, LLC,

  Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N20C-11-103 FWW

Submitted: February 19, 2021
Decided: May 19, 2021

*Upon Defendant Insight Building Co., LLC, d/b/a Insight Homes, 36 Builders, Inc., d/b/a Insight Homes, Inc. and Insight Homes, Inc.'s Motion to Dismiss*
**DENIED.**

## ORDER

Nicholas G. Kondraschow, Esquire, & William J. Rhodunda, Jr., Esquire, Rhodunda, Williams & Kondraschow, Brandywine Plaza West, 1521 Concord Pike, Suite 205, Wilmington, DE 19803, Attorneys for Defendants Insight Building Co., LLC, 36 Builders, Inc., and Insight Homes, Inc.

Julia Klein, Esquire, Klein LLC, 225 West 14th Street, Suite 100, Wilmington, DE 19801, Attorney for Plaintiffs Anthony Nieves and Kristen Cuiffo.

**WHARTON, J.**

This 19th day of May 2021, upon consideration of the Motion to Dismiss of Insight Building Co., LLC, d/b/a/ Insight Homes, 36 Builders, Inc., d/b/a Insight Homes, Inc. and Insight Homes, Inc. (collectively, "Insight Defendants"),[1] the Opposition of Plaintiffs Anthony Nieves and Kristen Cuiffo (collectively, the "Plaintiffs"),[2] and the record in this case, it appears to the Court that:

1. Before the Court is the Insight Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") or, alternatively, to dismiss only Count V, Fraudulent Concealment and Misrepresentation, and Count X, Civil Conspiracy. This action arises from the Defendants' alleged faulty construction of Plaintiffs' home and their failure to provide adequate stormwater management and drainage at Stonewater Creek, a housing development in Sussex County.[3] The FAC lists four defendants: the three Insight Defendants and Indian Mission Investments, LLC ("IMI").[4]

2. Plaintiffs allege that Defendants' contractual breaches and intentional negligence resulted in structural problems, not only in Plaintiffs' home, but also in the surrounding area and neighborhood.[5] Specifically, Plaintiffs allege that the

---

[1] Insight Defs.' Mot. to Dismiss, D.I. 12.
[2] Pls.' Resp. to Mot. to Dismiss, D.I. 20.
[3] FAC, D.I. 2.
[4] *Id.* The docket does not show a return of service of the FAC on IMI.
[5] *Id.* at 2.

Insight Defendants' negligence resulted in myriad structural problems, including a chronically flooded crawlspace, crooked and structurally unsound walls, an impaired heating and cooling system, peeling shingles, and warped siding.[6] This alleged negligence has resulted in water soaking into walls throughout the house, which has caused mold and roaches to appear.[7] The Insight Defendants' alleged negligence has also caused moisture problems, such as flooding and standing water throughout Plaintiffs' property. Additionally, the moisture problems have caused excess water to build up and become a breeding ground for mosquitoes and frogs.[8] Plaintiffs assert that all Defendants allegedly conspired to sell lots and homes to individuals, including Plaintiffs, despite Defendants' knowledge of the existing problems with stormwater management and concomitant damage to health and property.[9]

3.    Before filing this action in the Superior Court, Plaintiffs and others not plaintiffs here sought injunctive relief and damages for negligence, breach of fiduciary duty, breach of contract and warranty, and fraud from the Defendants here and others in the Court of Chancery.[10] Vice Chancellor Glasscock granted a motion to dismiss two equitable claims, which included dismissing certain defendants, and

---

[6] *Id.*
[7] *Id.*
[8] *Id.* at 3.
[9] *Id.* at 3-4.
[10] *Nieves, et al. v. Insight Building Co, LLC, et al.* 2020 WL 4463425 (Del. Ch. Aug. 4, 2020).

3

deferred decision as to the remaining counts and defendants.[11] The Vice Chancellor directed Plaintiffs to inform him whether they wished to proceed in equity and for him to decide the remainder of the motions or to transfer the matter to the Superior Court.[12] Plaintiffs opted to transfer their claims, at least initially.[13] The Vice Chancellor ordered the claims transferred to the Superior Court, "provided that Plaintiffs file an election to transfer and otherwise comply with the requirements set out in 10 *Del. C*. § 1902."[14]

4. Plaintiffs' FAC brings ten counts against Defendants. The FAC includes all the claims for damages brought in the Court of Chancery plus several additional claims.[15] Relevant to this motion are Counts V and X. Count V - Fraudulent Concealment and Misrepresentation - alleges that Defendants deliberately concealed and misrepresented material facts about the home and surrounding property, including drainage and flooding problems, faulty crawlspace construction, and the 30-foot buffer behind their home.[16] Count X - Civil Conspiracy

---

[11] *Id.* at 11. ("Judgment on the motions to dismiss Counts I-III against Indian Mission and Insight, as well as judgment on the motion to dismiss alias Count X against Insight is deferred.").

[12] *Id.*

[13] Insight Defs' Mot. to Dismiss, Ex. C, D.I. 12.

[14] *Id.,* Ex. D.

[15] *See, Nieves, et al. v. Insight Building Co., LLC, et al.,* Del. Ch. C.A. 2019-0454-SG, First Amended Complaint, D.I. 30.

[16] FAC at 36-38, D.I. 2.

– alleges that Defendants acted in concert to sell lots at Stormwater Creek while intentionally failing to disclose the issues with flooding and stormwater management.[17]

5.     On February 1, 2021, the Insight Defendants moved to dismiss Plaintiffs' claims.[18] They assert that Plaintiffs' claims fail because they filed their initial complaint 65 days after Vice Chancellor Glasscock's Order, which is five days after the requirements of 10 *Del. C.* § 1902.[19] Additionally, the Insight Defendants allege that Plaintiffs filed a substantially amended complaint, with praecipe and summons, 31 days after the initial complaint and 96 days after Vice Chancellor Glasscock's Order.[20] The Insight Defendants argue that this failure to comply with the Order and § 1902 with respect to both the Complaint and FAC should result in Plaintiffs' action being dismissed.[21] Alternatively, barring dismissal of the FAC in its entirety, the Insight Defendants move to dismiss Plaintiffs' claims of fraudulent concealment and misrepresentation (Count V) and civil conspiracy (Count X).[22] Specifically, they allege that the fraud and conspiracy claims should

---

[17] *Id.* at 44.
[18] Insight Defs.' Mot. to Dismiss, D.I. 12.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 4.

be dismissed because Plaintiffs failed to allege specificity.[23] The Insight Defendants argue that Plaintiffs do not allege that Defendants knew any alleged statements were false, or what Defendants knew or how they knew it.[24] Further, the Insight Defendants assert that any alleged statements by Defendants concerning future flooding cannot form the basis for a fraud claim.[25] Because Plaintiffs' claim for fraudulent concealment and misrepresentation should be dismissed, and since the civil conspiracy claims are based on fraud and misrepresentation, they contend the civil conspiracy count must be dismissed as well.[26]

6.    Plaintiffs oppose the motion, arguing that the Insight Defendants failed to set forth one of the seven legally recognized grounds of dismissal under Superior Court Civil Rule 12(b).[27] Plaintiffs assert that they did not fail to comply with Vice Chancellor Glasscock's Order, as they were not required to transfer the Court of Chancery matter pursuant to § 1902 in order to bring their claims in this court.[28] Plaintiffs assert that they had the ability to transfer their claims under § 1902, but instead simply chose to file an entirely new complaint in the Superior Court.[29] Next,

---

[23] *Id.* at 4-5.
[24] *Id.*
[25] *Id.* at 6.
[26] *Id.*
[27] Pl.'s Resp. to Mot. to Dismiss, D.I. 20.
[28] *Id.* at 3-5.
[29] *Id.* at 4.

Plaintiffs argue that the FAC alleges specific statements of present facts sufficient to allow the fraud claim to proceed.[30] Specifically, Plaintiffs assert that Defendants' statements and representations concerning "flooding problems at Stonewater Creek" and the "30-foot buffer behind [Plaintiffs'] house" are material past and present statements that are sufficient for plausible fraud and concealment claims, as well as civil conspiracy.[31]

7. A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[32] The Court's review is limited to well-plead allegations in the complaint.[33] In ruling on a motion under Rule 12(b)(6), the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[34] Dismissal is appropriate "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[35] The pleading standards governing a motion to dismiss in Delaware are minimal.[36] Delaware is a notice-

---

[30] *Id.* at 5.
[31] *Id.* 5-6.
[32] *Browne v. Robb,* 583 A.2d 949, 950 (Del. 1990).
[33] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[34] *Id.*
[35] *Id.*
[36] *See, Central Mort. Co. v. Morgan Stanley Mort. Capital Holdings, LLC*, 27 A.3d 531, 536 (Del. 2011).

pleading jurisdiction, and a complaint need only "give general notice as to the nature of the claim asserted against defendant in order to avoid dismissal for failure to state a claim."[37]

8.      Superior Court Civil Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[38]  The particularity pleading standard requires a party to plead "the time, place and contents of the false representations."[39]  However, "[m]alice, intent, knowledge, and other condition of a person may be averred generally."[40]  The requirement that fraud be pleaded with particularity "serves to discourage the initiation of suits brought solely for their nuisance, value, and safeguards potential defendants from frivolous accusations of moral turpitude."[41]  In order to survive a motion to dismiss a fraud claim, the party asserting fraud must allege that: (1) the accused party falsely represented a material fact or omitted facts that they had a duty to disclose; (2) the accused party knew that the representation was false or made with a reckless indifference to the truth; (3) the accused party intended to induce the

---

[37] *Nye v. Univ. of Del.*, No. 02C-12-065, 2003 WL 22176412, at *3 (Del. Super. Ct. Sept. 17, 2003); *see also* Super. Ct. Civ. R. 8(a)(1).
[38] Super. Ct. Civ. R. 9(b).
[39] *ITW Glob. Invs. Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, No. N14C-10-236, 2015 WL 3970908, at *5 (Del. Super. Ct. June 24, 2015).
[40] Super Ct. Civ. R. 9(b).
[41] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1208 (Del. 1993).

party asserting the fraud action to act or refrain from action; (4) the party asserting the fraud acted in justifiable reliance on the representation; and (5) the party asserting the fraud was injured by its reliance on the accused party's representation.[42]

9.     The first issue is whether the FAC should be dismissed for failure to comply with § 1902. It should not. Plaintiffs were not required to transfer the claims under § 1902. That statute is intended as a remedial measure to prevent cases from being precluded solely due to being brought in the wrong court.[43] Therefore, any election to transfer is the choice of the affected party, not a distinct requirement for the underlying action to proceed anew in another court.[44] Further, as noted by Plaintiffs, there are no statute of limitations or laches issues present. Thus, giving preclusive effect to § 1902 here would have the unintended and unwarranted result of shortening the otherwise applicable statute of limitations. Plaintiffs had the ability to bring this action in the Superior Court any time before the statute of limitations ran. Finally, to the extent there should be any ramifications from the Plaintiffs' decision not to follow the § 1902 procedure, and by implication, the Vice Chancellor's Order, those ramifications should be felt in the Court of Chancery, and

---

[42] *ITW Glob. Invs. Inc.*, 2015 WL 3970908, at *5.
[43] *See, Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511 (Del. 2009); *Carney v. Qualls*, 514 A.2d 1126 (Del. 1986).
[44] *Id.*

9

not here.[45]  Therefore, Insight Defendants' motion to dismiss the amended complaint is **DENIED**.

10. The second issue is whether Plaintiffs' claim for fraudulent concealment and misrepresentation (Count V) should be dismissed. Even considering the heightened pleading requirements necessary to bring a fraud claim, the Court declines to dismiss that count. Here, the FAC alleges that the Insight Defendants represented there was a 30-foot buffer behind Plaintiffs' home they could purchase for an extra $15,000 premium.[46]  Plaintiffs purchased the buffer, based on Insight Defendants' representation, only to learn it was owned by a separate entity, Baywood LLC.[47]  Further, Plaintiffs allege that Defendants' present statements about the home's construction and surroundings, specifically pertaining to the crawlspace and flooding, drainage, and grading issues, were fraudulently concealed and intentionally misrepresented by Defendants.[48] Allegedly, Defendants assured Plaintiffs as to the quality and nature of their property, going so far as to

---

[45] It appears that the Court of Chancery case remains open in the docket.  It also appears that there is another open matter in the Court of Chancery between the parties.  From the public redacted complaint, the Court infers that the Plaintiffs are seeking a declaratory judgment that an agreement between them and the Insight Defendants is void, or in the alternative, they are seeking recission of the agreement. *See, Nieves, et al. v. Insight Building Co, LLC, et al,* Del. Ch. C. A. 2019-0368-SG, D.I. 6.
[46] FAC at 10, D.I. 2.
[47] *Id.* at 38.
[48] *Id.*

represent to Plaintiffs that the crawlspace would be moisture free, the property was not currently in an area prone to flooding, and the property would be graded such that no runoff or standing water occurred on the property.  Each of Defendants representations were allegedly false, and Plaintiffs have plead with sufficient particularity and specificity to meet the heightened pleading standards of a fraud claim.  Further, since the basis for the civil conspiracy claim (count X) relies on the underlying facts of the fraud claim (count V), which survived the motion to dismiss, it follows that the civil conspiracy claim will not be dismissed.  Accordingly, Defendant Insights' Motion to Dismiss Counts X and V is **DENIED**.

**THEREFORE**, Defendant Insights' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton, J.*

Ferris W. Wharton, J.

11