**WILMINGTON TRUST COMPANY et al.,**
Defendants below, Appellants,

v.

**Francis J. SCHNEIDER, Jr., et al.,**
Plaintiffs below, Appellees.

Supreme Court of Delaware.

Argued March 14, 1975.

Decided July 7, 1975.

Rodney M. Layton, and Wendell Fenton, of Richards, Layton & Finger, Wilmington, for Wilmington Trust Co.

Henry N. Herndon, Jr., and Eduard F. vonWettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for Bank of Delaware.

Charles F. Richards, Jr., Martin I. Lubaroff, and Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for Farmers Bank of the State of Delaware.

David Roeberg, of Roeberg & Agostini, Wilmington, for appellees.

Before McNEILLY, O'HARA and TAYLOR, JJ.

TAYLOR, Judge:

In an earlier opinion in this case, this Court, in reversing an opinion of the Court of Chancery, held that this "litigation should not proceed in Chancery, and the case should be dismissed or, if counsel so requests, transferred to Superior Court under 10 *Del.C.* § 1901." *Wilmington Trust Company v. Schneider*, Del.Supr., 320 A. 2d 709 (1974).

The mandate of this Court dated May 15, 1974, filed in the Court of Chancery on May 17, 1974, provided "the said cause is hereby remanded with instructions to take such further proceedings therein as may be necessary in conformity with the opinion of this Court." No action was taken in the Court of Chancery until July 17, 1974, at which time counsel for one of the defendants submitted a form of order providing for dismissal of the Chancery action. The next day, plaintiffs' attorney indicated he had no objection to the signing of the proposed order and requested that he be informed of the date of signing of the order in order that he could immediately have the case transferred to the Superior Court. The Vice Chancellor signed the or-

der on July 22, 1974 after adding the words "subject to plaintiffs' right to transfer under 10 Del.C. § 1901." The Vice Chancellor filed an opinion on July 29, 1974 in which he concluded that the time within which plaintiffs must take action to transfer the cause of action to the Superior Court began to run upon the signing of the order of July 22, 1974 dismissing the Chancery action. Defendants filed their appeal from the order of July 22, 1974 and opinion of July 29, 1974 on August 5, 1974. Plaintiffs have taken no further action with respect to transfer under 10 Del.C. § 1901.

In 10 Del.C. § 1901,[1] which authorizes the transfer to another Court of a case which is found to have been filed in a Court which does not have jurisdiction of the subject matter, permits the transfer of the case to an appropriate Court "within sixty days after the order denying the jurisdiction of the Court of Chancery becomes final . . .".

■ The first issue is when the order denying the jurisdiction of the Court of Chancery became final. Defendants argue that this requirement was met when the mandate of the Supreme Court was filed in the Court of Chancery. Plaintiffs argue that the order of the Court of Chancery of July 22, 1974 is applicable. At the outset,

it should be observed that the Court of Chancery originally held that it did have jurisdiction. The action of this Court was a reversal of the Court of Chancery and was the initial finding that Chancery lacked jurisdiction over the subject matter of the case. It was, of course, the final decision on the matter. But the statute refers to order and not decision. Regardless of the power of this Court to enter a final order of dismissal in such a case, this Court by its mandate reversed the decision of the Court of Chancery and ordered the cause remanded to the Court of Chancery to take further proceedings as may be necessary in conformity with the opinion of this Court. The mandate did not by its terms embody the decisiveness, or the finality contemplated by the quoted statutory provision. Instead, it contemplated that the action of the Court of Chancery would embody that finality. The statute requires that the transfer period run from an order denying the jurisdiction of the first Court. The mandate by its terms was not such an order.

The second issue is whether plaintiffs' inaction since the entry of the order of dismissal dated July 22, 1974 bars plaintiffs from effecting a transfer. On August 5, 1974, 14 days after the order of the Court of Chancery, defendants appealed, taking the position that the transfer period ex-

---

1. § 1901. Removal of actions from courts lacking jurisdiction

"No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court. All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted shall deliver in accordance with the

rules or special order of such court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to which the proceeding is transferred. The latter court shall thereupon entertain such applications in the proceeding as conform to law and to the rules and practice of such court, and may by rule or special order provide for amendments in pleadings and for all other matters concerning the course of procedure for hearing and determining the cause as justice may require. For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court. This section shall be liberally construed to permit and facilitate transfer of proceedings between the courts of this State in the interests of justice."

pired on July 16, 1974, prior to entry of the Court of Chancery order. Defendants argue that if the transfer period should be held to run from the order of the Court of Chancery, that it should be held to continue to run notwithstanding this appeal. This position rests upon § 24, Article IV of the Delaware Constitution, Del.C.Ann., which provides that in general an appeal "shall be no stay of proceedings in Chancery, or in the Court to which the writ issues . . ." without the filing of an appropriate bond. No such bond was filed or stay obtained in this appeal. Therefore, say defendants, the transfer period continued to run and expired. At argument, the further contention was made that the subject of the dismissal of the Court of Chancery action became final upon the order of the Court of Chancery since that issue had previously been determined by this Court and the order was merely an implementation of the prior decision of this Court.

Here, we are concerned with the application of a statutory provision and not with the implementation of a Court order. 10 *Del.C.* § 1901 is a remedial statute designed to prevent a case from being totally ousted because it was brought in the wrong Court. The final sentence of the section is:

"This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice."

The statute provides that the transfer to the appropriate Court may be effected by filing in the first Court a written election of transfer, discharging all costs accrued in that Court, and making the required deposit for costs in the second Court. It further provides for the transfer of the papers by the clerk of the first Court to the clerk of the second Court.

In this instance, plaintiffs, by letter, notified the Vice Chancellor before the entry of the order of dismissal of their intention to have the case transferred to the Superior Court. Shortly thereafter, defendants filed their appeal in which they took the position that the time within which the transfer could be effected had expired before the entry of the Court of Chancery order. In view of the legislative policy declared in § 1901, it cannot be said that a plaintiff should be barred because of his failure to take further actions to perfect a transfer while his opponent actively pursues an attack upon the capability of the party to undertake the transfer at all.

We are convinced the equities lie with the plaintiff. It was a reasonable and correct interpretation of § 1901 that plaintiff need not file a motion to transfer until the Court of Chancery entered its order. Defendant brought the validity of any transfer into question after entry of the order, taking issue with the provision that the order be subject to the plaintiffs' right to transfer under 10 *De.C.* § 1901. Plaintiffs felt a need to respond, defending the right to a transfer. In addition, it was the burden of the defendants, the successful party before the Supreme Court, to present the Court of Chancery with an order, or request therefor, a burden which defendants accepted, but not until two days after the time for filing a motion for transfer had passed, pursuant to defendant's version of the period for filing such motion. We engage in these considerations in light of the general equitable inclinations of § 1901 and hold that the time for filing a motion for transfer was tolled.

The order of the Court of Chancery dated July 22, 1974 is affirmed and the cause is remanded for further proceedings consistent herewith. Plaintiffs shall have 60 days from the date of this opinion to effect a transfer to the Superior Court under 10 *Del.C.* § 1901.