# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| THE OLGA J. NOWAK IRREVOCABLE TRUST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N17C-05-254 FWW |
| VOYA FINANCIAL, INC. AND SECURITY LIFE OF DENVER INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: August 16, 2021
Decided: August 20, 2021

*Upon Plaintiff The Olga Nowak Irrevocable Trust's Motion for an Order of Transfer*
**GRANTED.**

## <u>ORDER</u>

R. Bruce McNew, Esquire, Cooch and Taylor, P.A., The Nemours Building, 1007 N. Orange Street #1120, P.O. Box 1680, Wilmington, Delaware 19899, Attorney for Plaintiff The Olga J. Nowak Irrevocable Trust.

Tiffany Geyer Lydon, Esquire, Ashby & Geddes, 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899, Attorney for Defendants Security Life of Denver Insurance Company and Voya Financial, Inc.

David T. McDowell, Esquire, Avi Moshenberg, Esquire, McDowell & Hetherington LLP, 1001 Fannin, Suite 2700, Houston, Texas 77002, Of Counsel for Defendants Security Life of Denver Insurance Company and Voya Financial, Inc.

**WHARTON, J.**

This 20th day of August, 2021, upon consideration of Plaintiff, The Olga J. Nowak Irrevocable Trust's (the "Trust") Motion for an Order of Transfer,[1] the opposition of Defendants Voya Financial, Inc. ("Voya") and Security Life of Denver Insurance Company ("SLD"),[2] argument, and the record in this case, it appears to the Court:

1.    The Trust brought this action against SLD and Voya, SLD's parent company, on May 18, 2017.[3] The Trust alleged Breach of Contract, Bad Faith Breach of Contract, Violation of Delaware Consumer Fraud Act ("DCFA"), Reformation Based Upon Mutual Mistake, Reformation Based Upon Mistake Coupled with Inequitable Conduct, Unconscionability, and Unjust Enrichment.[4] The Breach of Contract claim—the primary claim—alleged that SLD breached the Insurance Policy (the "Policy") by failing to pay the outstanding amount due under the Policy after the insured's death.[5] SLD and Voya denied the Trust's allegations and asserted numerous affirmative defenses.[6]

---

[1] D.I. 209.
[2] D.I. 211.
[3] Compl., D.I. 1.
[4] Second Amend. Compl. ("SAC"), D.I. 55. Due to a typographical error the SAC was incorrectly captioned "Amended Complaint."
[5] *Id.*
[6] Defs.' Ans. to Pl.'s Second Am. Compl., D.I. 60 & D.I. 61.

2.  On November 30, 2020, the Court granted summary judgment against the Trust, dismissing all its claims.[7]  Among the claims the Court dismissed were Reformation Based Upon Mutual Mistake (Count IV), Reformation Based Upon Mistake Coupled with Inequitable Conduct (Count V), and Breach of Reformed Contract (misnumbered in the Amended Complaint as Count VIII, but actually the 10th count of the Amended Complaint).[8]  This Court found that it, as a court of law, lacked the power to provide the equitable relief requested by the three contract reformation counts.[9]  In a footnote, the Court expressed its view that, in any event, those claims were without merit.[10]

3.  The Trust appealed to the Delaware Supreme Court.  While the case was before that Court, the Trust filed a Written Election of Transfer Pursuant to 10 *Del. C.* § 1902 on January 20, 2021.[11]  In that document, the Trust stated that it elected to have the three claims this Court had determined to request equitable relief transferred to the Court of Chancery.[12]  In a brief Order, on July 7, 2021, the Delaware Supreme Court affirmed this Court "on the basis of and for the reasons

---

[7] *Olga Nowak Irrevocable Trust v. Voya Financial, Inc. et al.,* 2020 WL 7181368 (Del. Super. Nov. 30, 2020).
[8] *Id.* at *10.
[9] *Id.*
[10] *Id.* at n. 115.
[11] D.I. 208.
[12] *Id.*

stated in its memorandum opinion and order dated November 30, 2020."[13]  On July 16th, the Trust moved for an order of transfer.[14]  SLD and Voya oppose transfer.[15]

4.      SLD and Voya oppose the motion for two reasons.  They assert: (1) the original civil action – C.A. N17C-05-254 FWW – no longer exists; and (2) this Court no longer has jurisdiction the transfer the claims.[16]  In their view, when the Trust appealed to the Delaware Supreme Court, this Court was divested of jurisdiction over the case, and after that Court affirmed this Court, there was nothing left to transfer.[17]  Anticipating that the Trust would rely on the 60 day window to seek a transfer under 10 *Del. C.* 1902,[18] SLD and Voya argue that the Trust "actually stripped this Court of its power to transfer the reformation claims by choosing to

---

[13] *Olga Nowak Irrevocable Trust v. Voya Financial, Inc., et al.,* 2021 WL 2815225 at *1 (Del. July 7., 2021).

[14] D.I. 209.

[15] D.I. 211.

[16] *Id.* at 1.

[17] *Id.* at 3-4.

[18] The statute, 10 *Del. C.* § 1902, reads in pertinent part: No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal.  Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court and makes the usual deposit for costs in the second court….This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice.

4

proceed with the appeal."[19] Finally, highlighting the language of § 1902 that permits transfer of cases dismissed *solely* on jurisdictional grounds, they note that this Court also found the reformation claims to be without merit.[20]

5. The Trust acknowledges that an appeal divests this Court of jurisdiction, but only generally. It cites the language of *Bowen v. E.I. duPont de Nemours & Co* – "The proper perfection of an appeal to this Court from a final judgment generally divests the Superior Court from its jurisdiction over the cause of action in the absence of a remand"[21] and *Radulski for Taylor v. Delaware State Hospital* – "the perfection of an appeal to this Court generally divests the trial court of its jurisdiction over the cause of action."[22] Emphasizing the word "generally," the Trust argues that the proper way to give full effect to § 1902 is to treat its 60 day window as an exception to the general rule. The Trust further argues that this Court's determination that it had no jurisdiction over the reformation claims rendered any ruling on the merits of those claims as reflected in footnote 115 void.

6. As an initial proposition, the Court agrees with the Trust that this Court's comments in footnote 115 cannot be considered as an alternative ground for dismissing the reformation claims. This Court found that it lacked subject matter

---

[19] *Id* at 4.
[20] *Id.*
[21] 879 A.2d 920, 922 (Del. 2005).
[22] 541 A.2d 562, 567 (Del. 1988).

jurisdiction over those claims. It follows then that a court lacking subject matter jurisdiction over a case cannot make substantive rulings on issues in that case.

7.     The Court next turns to the interplay between the 60-day limitation of § 1902 within which a party must effect a transfer from a court lacking subject matter jurisdiction and the 30-day time limit to notice an appeal to the Delaware Supreme Court under Supreme Court Rule 6(a)(i). The parties have called no case directly on point to the Court's attention, but a case bearing some similarities to this case, but not entirely congruent procedurally, is *Benge v. Oak Grove Motor Court, Inc.*[23] In that case, then Vice Chancellor Strine dismissed the plaintiff's case without prejudice for lack of subject matter jurisdiction, subject to the plaintiff's right to have the case transferred to the Family Court pursuant to 10 *Del. C.* § 1902.[24] Instead of moving to transfer, the plaintiff took an appeal to the Delaware Supreme Court, which affirmed the vice chancellor's determination that the plaintiff had filed suit in the wrong court.[25] The plaintiff moved to transfer more than 60 days after the vice chancellor's original order, but less than 60 days after the Supreme Court's mandate.[26] The issue before the Court of Chancery was whether the 60-day limitation was tolled during the pendency of the appeal.[27] The vice chancellor

---

[23] 2006 WL 2588934 (Del. Ch. 2006).
[24] *Id.* at 1.
[25] *Id.*
[26] *Id.*
[27] *Id.*

observed that, despite the fact that Benge's appeal challenging the dismissal appeared to be interlocutory, the Supreme Court resolved the issue on the merits, nonetheless, and affirmed the Court of Chancery.[28]    Under those unusual circumstances, and in accord with the statutory direction of § 1902 that it be liberally construed to permit transfers, the vice chancellor ruled that the equities favored a determination that his order was not final and the 60-day clock was tolled while the case was appealed.[29]

8.    Another case providing some guidance, albeit not procedurally in sync with this case, is *Wilmington Trust Company v. Schneider.*[30]   In *Schneider,* the question was whether the 60-day period ran while Schneider defended Wilmington Trust Company's appeal challenging his right to transfer.[31]  The Supreme Court held that that time did not run while the appeal was being litigated.[32]  In doing so, that Court credited the legislative policy expressed in the statute that it "shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice."[33]

---

[28] *Id.*
[29] *Id.* at 3-4.
[30] 342 A.2d 240 (Del. 1975).
[31] *Id.*
[32] *Id.*
[33] *Id.*

7

9.    The Court acknowledges that these two cases are distinguishable procedurally from this case.  In *Benge,* the plaintiff actively challenged the ruling dismissing his complaint in the Supreme Court.  Here, although the Trust appealed this Court's Order granting summary judgment against, it argues now that it did not actually pursue an argument that this Court erred in dismissing the reformation claims.  SLD and Voya take the position that the Trust did litigate the dismissal of those claims.  If the parties reversed those positions, the posture of this case would be more closely resemble *Benge.*  In *Schneider,* the party pursuing the appeal was the party opposed to the transfer, the reverse of the situation here.  Ultimately, however, the Court concludes that those distinctions are not dispositive.

10.    In the Court's view, at least four analytical approaches present themselves, three of which warrant granting the motion and give effect to the legislative policy of § 1902.  The first is the one argued by the Trust.  It argues that the 60-day time frame within which to elect to transfer may be harmonized with the 30-day appeal deadline by considering § 1902 as establishing an exception to the general rule that courts are divested of jurisdiction over a matter while that matter is on appeal.  The second approach, roughly analogous to *Benge* and *Schneider,* considers this Court's Order dismissing the reformation counts final when the appeal was resolved.[34]  Under that approach, the motion requesting transfer was within the

---

[34] *See also, Benge* at n. 6, 8, 12.

8

60-day period. A third recognizes that the Written Election of Transfer did not request the Court do anything. In other words, it did not ask that the Court take any action to exercise its jurisdiction while the case was on appeal, other than to accept the filing. It did not invoke the jurisdiction of the Court - it merely served as a notice or placeholder for a later motion asking the Court to exercise its authority when the mandate was returned to it. All three of these approaches are consistent with a liberal application of § 1902.

11.    The fourth approach is the one argued by SLD and Voya. It argues that this Court has no jurisdiction to transfer the reformation counts because the case no longer exists. Their argument also effectively reduces the 60-day window to 30 days when an appeal is taken. The argument that the case no longer exists is semantical. The case exists. It has not disappeared. If the pending motion had not been filed, it would exist simply as a closed case. But this motion is pending. How can a motion be pending in a case that does not exist? The approach of SLD and Voya also effectively reduces the 60-day period to 30 days when a party elects to take an appeal. While that arguably may be a reasonable position in the abstract, it is at odds with the language of § 1902.

12.    The Court finds that the Written Notice of Election to Transfer did not invoke this Court's jurisdiction while jurisdiction lay with the Supreme Court. Simply accepting the filing of the notice did not vest this Court with jurisdiction to

9

transfer the reformation counts while jurisdiction was elsewhere. It simply allowed the Trust to comply with the 60-day limitation of § 1902. The Court considers this approach simpler and requiring fewer interpretive gymnastics than the other two favoring transfer and the one opposing transfer. But, regardless of the analytical approach, granting the motion to transfer fulfills the statutory direction to liberally construe § 1902 to permit and facilitate transfers. The approach argued by SLD and Voya does not.

**THEREFORE**, for the reasons set forth above, The Trust's Motion for Order of Transfer is **GRANTED**.[35] The Reformation Claims – Reformation Based on Mutual Mistake (Count IV), Reformation Based on Mistake Coupled with Inequitable Conduct (Count V), and Breach of Reformed Contract (misnumbered as Count VIII, but, in fact, the 10th count of the Amended Complaint) are transferred to the Court of Chancery.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[35] At argument, counsel for the Trust represented that all of the other requirements of § 1902 have been met.

10