# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

REVOLUTION RENTALS DE, LLC, )
)
          Plaintiff, )
)
  v. )    C.A. No. K21C-08-007 NEP
)
ANDREW R. POMERLEAU and )
AMANDA L. ANDERSON, )
)
          Defendants. )

Submitted: August 3, 2022
Decided: November 4, 2022

## <u>MEMORANDUM OPINION AND ORDER</u>

***Upon Defendants' Motion to Dismiss***
**GRANTED**

Catherine Di Lorenzo, Esquire, Stern & Eisenberg Mid-Atlantic, PC, Newark, Delaware, *Attorney for Plaintiff.*

Donald L. Gouge, Jr., Esquire, Donald L. Gouge, Jr., LLC, Wilmington, Delaware *Attorney for Defendants*.

**Primos, J.**

Before this Court is the motion to dismiss of Defendants Andrew Pomerleau and Amanda Anderson (hereinafter "Defendants"). This action was originated by Revolution Rentals DE, LLC (hereinafter "Plaintiff") in the Justice of the Peace Court (hereinafter "JP Court"). Defendants contend that dismissal is warranted because Plaintiff was required to file in this Court within 60 days of the JP Court's order transferring the case to the Superior Court and failed to do so. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## BACKGROUND

This debt action arises from allegations of breach of contract and damages to a rental unit.[1] The facts and procedural history relevant to this motion to dismiss are undisputed.

Plaintiff initiated these proceedings in JP Court on September 2, 2020.[2] Defendants requested a jury trial and, in light of the JP Court's inability to hold a jury trial in a matter of this nature, filed a motion to transfer the case to Superior Court.[3] The JP Court initially denied the motion, stating that "[t]here is no avenue for a case filed in JP Court to move directly to Superior Court for a trial by jury."[4] Upon reargument, however, the JP Court concluded that "the demand for a jury trial has removed the case from Justice of the Peace Court jurisdiction" and that it could therefore transfer the case to Superior Court pursuant to 10 *Del. C.* § 1902,[5] which allows cases to be transferred between courts in the Delaware court system when the initial court lacks subject matter jurisdiction.[6] The transfer order, dated June 10,

---

[1] Compl. (D.I. 1) at 2 ¶ 5.
[2] *Id.* ¶ 6.
[3] Defs.' Mot. to Dismiss Pl.'s Compl. (D.I. 13) Ex. A [hereinafter "JP Court Docket"] at 2.
[4] *Id.*
[5] Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. A (D.I. 16) [hereinafter "June 10, 2021 Order"] at 1.
[6] 10 *Del. C.* § 1902 provides in full:
> **No civil action**, suit or other proceeding brought in any court of this State **shall be dismissed solely on the ground that such court is without jurisdiction of the**

2021, stated that "Plaintiff has 60 days to file its action in Superior Court or this action will be dismissed *with prejudice* 60 days from the signing of this order."[7]

Plaintiff did not file within the 60-day period, which expired on August 9, 2021. On August 10, 2021, Plaintiff filed a complaint in this Court. On the same day, Defendants moved to dismiss the proceeding in JP Court with prejudice.[8] On August 11, 2021, the JP Court dismissed the action with prejudice because of Plaintiff's failure to act within 60 days.[9] Plaintiff filed a Motion for Relief and a Written Election of Transfer with the JP Court, also on August 11, 2021.[10] However, on August 20, 2021, the JP Court found that:

> [T]hrough the Plaintiff's own admission, they have not acted on the order until the 61st day. Furthermore, a reasonable person would not wait until the 61st day to establish a procedural argument that the

---

**subject matter**, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court. All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted shall be delivered in accordance with the rules or special orders of such court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to which the proceeding is transferred. The latter court shall thereupon entertain such applications in the proceeding as conform to law and to the rules and practice of such court, and may by rule or special order provide for amendments in pleadings and for all other matters concerning the course of procedure for hearing and determining the cause as justice may require. For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court. **This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice** (emphasis supplied).

[7] June 10, 2021 Order at 2.

[8] JP Court Docket at 2. Defendants' counsel represented at oral argument that the timing was coincidental and that he was not yet aware of the action in this Court when he moved to dismiss the action in JP Court. Tr. of Zoom Oral Arg. at 28:11–16.

[9] Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. B (D.I. 17) [hereinafter "August 11, 2021 Order"] at 1.

[10] JP Court Docket at 1.

3

judge's order is invalid because it should have considered the case's rightful 15-day window to file an appeal. . . . This matter remains dismissed with prejudice.[11]

On May 16, 2022, Defendants filed a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Superior Court Rules of Civil Procedure 12(b)(1) and 12(h)(3).[12] On May 31, 2022, Plaintiff filed a Response opposing the motion to dismiss.[13] The Court held oral argument on the motion on July 8, 2022, and the matter was submitted for decision on August 3, 2022.

## PARTIES' CONTENTIONS

Defendants argue that the case must be dismissed because Plaintiff took no action within the 60-day period provided for in 10 *Del. C.* § 1902 and in the JP Court's June 10, 2021, order. Specifically, Plaintiff was required to and did not 1) file an election of transfer in the JP Court[14]; and 2) file the action in this Court.[15] Defendants assert that the complaint should be dismissed with prejudice, but note that if it is dismissed without prejudice, Plaintiffs could seek leave to assert these causes of action as counterclaims in pending litigation between the parties in the Court of Common Pleas.[16]

Plaintiff seeks to prevent dismissal by arguing, in essence, that the Court should excuse its failure to file within 60 days because it was "an inadvertent mistake" by a *pro se* litigant.[17] Plaintiff argues two primary points in support of its

---

[11] *Id.*

[12] Defs.' Mot. to Dismiss Pl.'s Compl. (D.I. 13) [hereinafter "Mot. to Dismiss"].

[13] Resp. in Opp'n to Defs.' Mot. to Dismiss (D.I. 15) [hereinafter "Response"].

[14] While the Motion to Dismiss states that Plaintiff "failed to submit a written order to create a final judgment for transfer purposes," Mot. to Dismiss at 3, ¶ 14, Defendants' counsel clarified at oral argument that the required filing is actually called an "election of transfer." Oral Arg. Tr. at 11:12–15, 13:9–19.

[15] Mot. to Dismiss at 4, ¶ 15.

[16] *Id.* ¶ 17.

[17] Tr. of Zoom Oral Arg. at 16:22–17:2. Plaintiff retained counsel shortly before filing in this Court.

4

opposition to dismissal: 1) 10 *Del. C.* § 1902 expressly provides that it "shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice"[18]; and 2) the JP Court should not have relied on 10 *Del. C.* § 1902 to transfer this action because it had subject matter jurisdiction.[19]

## ANALYSIS

As the foregoing discussion shows, this matter is before this Court in an unusual procedural posture. Defendants move to dismiss, invoking Superior Court Civil Rules 12(b)(1) and 12(h)(3), which call for dismissal when the Superior Court lacks subject matter jurisdiction. Plaintiff's arguments call into question both the JP Court's decision to rely on 10 *Del. C.* § 1902 and the manner in which it was applied. At the outset, it is important to clarify that this action is not an appeal of the JP Court's orders: the appropriate forum for appellate review of orders of the JP Court would be on appeal to the Court of Common Pleas (hereinafter "CCP") pursuant to 10 *Del. C.* § 9571.[20] What Plaintiff seeks is for this Court to accept a transfer of this action from JP Court, even though the JP Court ordered that it be dismissed with prejudice if untimely filed. Thus understood, this is not a question of this Court's jurisdiction. Rather, the precise issue before this Court is whether Plaintiff successfully effectuated a transfer of this action from the JP Court to the Superior Court pursuant to 10 *Del. C.* § 1902 and the JP Court's order, which is, for reasons explained below, the law of the case. The Court finds that Plaintiff has failed to do

---

[18] Resp. ¶¶ 12 and 20; Tr. of Zoom Oral Arg. at 16:4–6.

[19] Resp. ¶¶ 6 and 18.

[20] The JP Court's June 10, 2021, order most likely would have been unappealable as an interlocutory order. *See Plant v. State ex rel. Sims*, 801 A.2d 11, 2002 WL 1472245, at *1 (Del. 2002) (TABLE) ("The Superior Court's order transferring jurisdiction to the Court of Chancery is, by its terms, interlocutory in nature because it is not a final ruling on the merits of the underlying controversy."). However, following the dismissal with prejudice on August 11, 2021, the appropriate avenue to seek *de novo* review of the JP Court's rulings would have been on appeal to the CCP, not on attempted transfer to this Court.

5

so and will thus leave undisturbed the JP Court's dismissal with prejudice. Accordingly, Defendants' motion to dismiss shall be granted and the action dismissed with prejudice.

1. **Liberal Construction of 10 *Del. C.* § 1902 Does Not Excuse the 60-Day Time Limit**

Plaintiff argues that the Court should allow the filing on the 61st day because it was only one day late and 10 *Del. C.* § 1902, by its own terms, "shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice." However, what Plaintiff asks for is not a liberal construction of the statute, but outright excusal of an explicit time limit stated in the statute and in the JP Court order.

Case law interpreting the liberal construction provision sheds light on what a liberal construction of the statute can, and cannot, accommodate. The Delaware Supreme Court explained in *Wilmington Trust Company v. Schneider* that 10 *Del. C.* § 1902 is "a remedial statute designed to prevent a case from being totally ousted because it was brought in the wrong Court."[21] In *Schneider*, the Court addressed whether the 60-day period continued to run pending appeal of the trial court's order dismissing the case subject to the plaintiff's right to transfer.[22] On appeal, the defendant specifically challenged the plaintiff's right to transfer, and the plaintiff defended the appeal without initiating the transfer process. "In view of the legislative policy declared" in Section 1902, the Court concluded that a plaintiff should not be "barred because of his failure to take further actions to perfect a transfer while his opponent actively pursues an attack upon the capability of the party to undertake the transfer at all."[23]

---

[21] 342 A.2d 240, 242 (Del. 1975).
[22] *Id.* at 241–42.
[23] *Id.* at 242. The language that is now § 1902 was in § 1901 at the time *Schneider* was decided. *Admiral Holding v. Town of Bowers*, 2004 WL 2744581, at *2 n.9 (Del. Super. Oct. 18, 2004).

Other cases have expanded on *Schneider*'s reasoning in the context of pending appeals to the Supreme Court.  In *Benge v. Oak Grove Motor Court, Inc.*, the plaintiff filed a motion to transfer 55 days after the Supreme Court affirmed the Chancery Court's ruling that he "had filed suit in the wrong court" but several months after the Chancery Court's initial order dismissing the case subject to the plaintiff's right to transfer.[24]  The Vice Chancellor held that the 60-day period began upon the Delaware Supreme Court's affirmance of the Chancery Court's dismissal order, rather than upon the issuance of the original order.[25]  The plaintiff's motion to transfer to Family Court was thus held timely because it was within 60 days of the Supreme Court's order dismissing the appeal.[26]  More recently, in *Olga J. Nowak Irrevocable Trust v. Voya Financial, Inc.*, this Court considered whether it could grant a motion to transfer when the election of transfer was filed with the Superior Court while an appeal was already pending with the Delaware Supreme Court.[27]  Analyzing *Benge* and *Schneider*, the Court concluded that "granting the motion to transfer fulfills the statutory direction to liberally construe § 1902 to permit and facilitate transfers."[28]

Unlike the aforementioned cases, here there is no pending appeal, or any other procedural contingency, to call into question when the 60-day statutory period began or ended.  The 60-day countdown was initiated by the JP Court's order on

---

[24] 2006 WL 2588934, at *1 (Del. Ch. Aug. 30, 2006).

[25] *Id.* at *3 ("Here, even though Benge did not follow the proper procedures to seek interlocutory review of what is ordinarily a non-appealed order, this State's highest court accepted his appeal, and placed itself in the position of having the power to reverse my ruling and permit Benge to proceed with his case here. As a result, I cannot find that my earlier order was final in the sense of being the decisive ruling contemplated by § 1902.").

[26] *Id. at* *4.

[27] 2021 WL 3700815, at *1 (Del. Super. Aug. 20, 2021).

[28] *Id.* at *2–3.

June 10, 2021, and ended on August 9, 2021.[29] Plaintiff's contention is essentially that the Court should liberally construe "60 days" in effect to mean "61 days" or "roughly 60 days." However, Plaintiff identifies no case law supporting the Court's authority to simply excuse the time limit, nor has the Court identified any in its own review.

The Court finds instructive the opinions of the Master in Chancery and Vice Chancellor in *Wells Fargo Bank, NA v. Strong*.[30] There, as here, the party required to transfer the case "failed to follow the direct order" of the transferring court and "also failed to abide by the plain language of Section 1902" because it did not deposit the required costs in the second court within 60 days.[31] Citing *Schneider* for the proposition that § 1902 is meant to prevent cases from being dismissed merely on account of initial filing in the wrong court, the Master in Chancery nevertheless concluded that "[t]he remedy was properly applied by the Superior Court in this case" because the party was "given the opportunity . . . to transfer its case to the Court of Chancery."[32] The party's failure to complete the process of effectuating the transfer, not its initial mistake of filing the case in the wrong court, was the basis for the dismissal.

The Vice Chancellor affirmed, noting that "the Plaintiff does not suggest a construction of the statute with which it has complied" and that the liberal "construction" sought would effectively "write the 60–day transfer requirement

---

[29] *See Lorenzetti v. Hodges*, 2012 WL 1410103, at *3 n.7 (Del. Super. Jan. 27, 2012) ("The transfer period runs from the date of an order denying the jurisdiction of the first court."); J.P. Ct. Civ. R. 6(a) ("In computing any period of time prescribed or allowed by these Rules[,] by order of Court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included unless specifically included by statute, order or rule.").

[30] *Wells Fargo Bank, NA v. Strong* ("*Wells Fargo I*"), 2014 WL 3530829 (Del. Ch. July 15, 2014), *exceptions denied Wells Fargo Bank, NA v. Strong* ("*Wells Fargo II*"), 2014 WL 6478788 (Del. Ch. Nov. 19, 2014).

[31] *Wells Fargo I* at *3.

[32] *Id.*

completely out of Section 1902."[33]   Like the plaintiff in *Wells Fargo*, Plaintiff here has failed to offer a plausible construction of the statute with which it has complied. In fact, Plaintiff is even further from compliance than the plaintiff in *Wells Fargo*, which at least timely filed an election of transfer in the transferring court and only failed to follow through in the transferee court.  In sum, this case was not timely transferred to the Superior Court under 10 *Del. C.* § 1902.[34]

## 2. The JP Court's Transfer Order is the Law of the Case and Compels Dismissal with Prejudice

While 10 *Del. C.* § 1902 does not call for a specific result in light of an untimely attempt at transfer, the Court must also consider the effect of the JP Court's June 10, 2021, order. Three aspects of that order are important to the disposition of this matter, and the Court will address each in turn.  The JP Court 1) concluded that transfer via 10 *Del. C.* § 1902 was appropriate because the Defendants' demand for a jury trial deprived it of jurisdiction; 2) ordered Plaintiff to file in this Court within 60 days; and 3) stated that failure to do so would result in dismissal of the action with prejudice.  The Court concludes that this order is the law of the case and that the action must therefore be dismissed with prejudice.

Law of the case doctrine serves as "a form of intra-litigation *stare decisis*"[35] and "is founded on the principles of efficiency, finality, stability and respect for the judicial system."[36]  In *Preston Hollow Capital LLC v. Nuveen LLC*, this Court stated that "[o]nce a matter has been addressed in a procedurally proper way by a court, it is generally held to be the law of that case and will not be disturbed by that court

---

[33] *Wells Fargo II*, 2014 WL 6478788, at \*4 (Del. Ch. Nov. 19, 2014).

[34] *See Johnson v. Div. of Child Prot. Servs.*, 560 A.2d 490, 1989 WL 42310, at \*1 (Del. 1989) (TABLE) (declining to hear an appeal from Family Court after no action was taken within 60 days of the Superior Court's granting leave to transfer the appeal to the Supreme Court).

[35] *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, 2015 WL 5278913, at \*7 (Del. Ch. Sept. 10, 2015).

[36] *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 39 (Del. 2005).

unless a compelling reason to do so appears."[37]  The doctrine requires trial judges to respect prior rulings made within the same "continuous action within the same court system,"[38] including rulings made by a different trial judge.[39]  Where rulings of a prior judge in the same case are at issue, law of the case is "founded upon additional considerations of courtesy and comity."[40]  There are three recognized exceptions to law of the case:  a trial court should reconsider a prior decision only when it is "clearly wrong, produces an injustice or should be revisited because of changed circumstances."[41]

When a case is transferred via 10 *Del. C.* § 1902, the transferee court should apply law of the case doctrine to rulings of the transferring court.[42]  For example, in *Preston Hollow*, this Court concluded that law of the case doctrine extended to decisions made by the Court of Chancery prior to the case's transfer to Superior Court via 10 *Del. C.* § 1902.[43]  The Court explained that "[a]lthough the docket numbers and judicial officers are different, such a transfer does not create an entirely new action."[44]  Thus, the Court concluded that "[f]or purposes of law of the case, the prior rulings of the Court of Chancery are treated as if they were made by a Superior Court judge."[45]  Likewise, this Court will treat prior rulings of the JP Court in this

---

[37] 2020 WL 7365808, at *5 (Del. Super. Dec. 15, 2020) (quoting *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994)).

[38] *Id.* (quoting *Carlyle*, 2015 WL 5278913, at *8 (Del. Ch. Sept. 10, 2015)); *see also State v. Wright*, 131 A.3d 310, 321 (Del. 2016) ("The law of the case is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation." (quoting *Hoskins v. State,* 102 A.3d 724, 729 (Del. 2014))).

[39] *Wright*, 131 A.3d at 321 ("[A] trial court's previous decision in a case will form the law of the case for the issue decided.").

[40] *Preston Hollow*, 2020 WL 7365808, at *5 (quoting *Frank v. Carol*, 457 A.2d 715, 719 (Del. 1983)).

[41] *Wright*, 131 A.3d at 322 (quoting *Hoskins,* 102 A.3d at 729).

[42] *See e.g. Otto Candies, LLC v. KPMG LLP*, 2019 WL 994050, at *6–7 (Del. Ch. Feb. 28, 2019) (treating prior rulings by the Superior Court, made prior to transfer, as law of the case).

[43] 2020 WL 7365808, at *6.

[44] *Id.*

[45] *Id.*

action as though they were made by the Superior Court.

*Applicability of 10 Del. C. § 1902*

Plaintiff argues that the JP Court had subject matter jurisdiction and thus should not have relied on 10 *Del. C.* § 1902. However, this argument fails for three separate reasons.

First, the JP Court's ruling that "pursuant to 10 *Del. C.* § 1902, the demand for a jury trial has removed the case from [JP Court] jurisdiction and hence allows the court to have the case transferred"[46] is the law of the case, and Plaintiff has supplied no sufficient reason to revisit it. [47] The only law of the case exception that might apply is that this conclusion is clearly wrong as a matter of law. While Plaintiff does argue that the JP Court had jurisdiction because it has "concurrent jurisdiction over disputes of this type" and cites to the JP Court's general grant of civil jurisdiction contained in 10 *Del. C.* § 9301,[48] this argument is unresponsive to the JP Court's conclusion that the jury trial demand removed the case from its jurisdiction. Here, the JP Court concluded, based on briefing and argument not provided by the parties to this Court, that transfer via 10 *Del. C.* § 1902 was the appropriate procedural mechanism to accommodate Defendants' jury demand. The Court is not prepared to rule that this determination was clearly wrong.

Second, even if it was clearly wrong, the issue of whether the JP Court erred in relying upon 10 *Del. C.* § 1902 to transfer this action is not properly before this Court. Had Plaintiff intended to challenge the JP Court's conclusions with respect

---

[46] June 10, 2021 Order at 1.

[47] In *Wells Fargo II*, the Chancery Court also treated the Superior Court's determination that it lacked jurisdiction over the subject matter as the law of the case. 2014 WL 6478788, at *3 ("The **law of this case, as found by the Superior Court**, is that the Plaintiff's attempt to proceed in Superior Court was in fact an attempt to enforce an equitable mortgage, because the mortgage document on which it attempted to rely was unsealed and thus legally insufficient. Therefore, **the Superior Court dismissed the matter as outside its jurisdiction, subject to transfer under Section 1902.**") (emphasis supplied).

[48] Resp. ¶ 6.

11

to its own jurisdiction or the applicability of the transfer statute, an appeal should have been filed in the Court of Common Pleas pursuant to 10 *Del. C.* § 9571 after the case was dismissed with prejudice. However, Plaintiff concedes that Defendant has a right to a jury and does not contest the transfer to this court.[49] If, as Plaintiff contends, the JP Court had subject matter jurisdiction and should not have transferred the case via 10 *Del. C.* § 1902, it simply does not follow that the remedy would be to accept an untimely transfer in this Court.

Finally, a finding that the JP Court did have jurisdiction would create yet another problem for Plaintiff's position. If the JP Court acted with subject matter jurisdiction, then its order dismissing the action with prejudice would operate as an adjudication on the merits, by a court with jurisdiction, of an action with the same cause of action, the same issues, and the same parties as the present proceeding. This Court would thus be barred from proceeding with this case by the doctrine of res judicata.[50]

*Order to Refile the Complaint in this Court*

Plaintiff also argues that the JP Court erred in ordering it to "file its action in Superior Court"[51] because the statute actually requires the transferring party only to

---

[49] Oral Arg. Tr. at 17:3–12.

[50] Under Delaware law, the doctrine of res judicata bars an action when the following elements are met:

> (1) **[T]he court making the prior adjudication had jurisdiction**, (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication, (3) the cause of action must be the same in both cases or the issues decided in the prior action must be the same as those raised in the present case, (4) the issues in the prior action must be decided adversely to the plaintiff's contentions in the instant case, and (5) the prior adjudication must be final.

*Bailey v. City of Wilmington*, 766 A.2d 477, 481 (Del. 2001) (emphasis supplied). A dismissal with prejudice is generally considered final and on the merits for res judicata purposes. *See RBC Capital Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 643 (Del. 2014) ("In general, a dismissal with prejudice constitutes a final decree for *res judicata* purposes.").

[51] June 10, 2021 Order at 2.

file a "written election of transfer, discharge[] all costs accrued in the first court, and make[] the usual deposit for costs in the second court."[52]  Plaintiff correctly states that, per the terms of the statute, the clerk of the transferring court is to transfer the case upon the filing of the election of transfer and discharge of court costs.[53]  In ordering refiling of the action instead, Plaintiff asserts, the order created unnecessary confusion and directed Plaintiff to do something it was not legally obligated to do.[54]  However, it is abundantly clear that whatever Plaintiff was required to do, it was required to do within 60 days.  Plaintiff did not file in this Court until the 61st day, and did not file a written election of transfer in the JP Court until the 62nd day, after the JP Court had already dismissed the action.

The Court accepts as the law of the case that Plaintiff had 60 days to take affirmative steps to effectuate the transfer.  The question of whether strict compliance with the statute but not the terms of the order, or vice versa, would have been sufficient is not before this Court because Plaintiff complied with neither within the prescribed time period.

*Dismissal with Prejudice*

Finally, the JP Court's June 10, 2021, order directs that the action is to be dismissed with prejudice unless Plaintiff filed in this Court within 60 days.  The Court concludes that, regardless of whether dismissal with prejudice is the sanction it would have itself imposed for untimely filing, the JP Court's directive is the law of the case and must be carried out.

The *Wells Fargo* case is again instructive here.  There, the Vice Chancellor

---

[52] 10 *Del. C.* § 1902.

[53] *Id.* ("All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted **shall be delivered** in accordance with the rules or special orders of such court, **by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to which the proceeding is transferred.**") (emphasis supplied).

[54] Response ¶ 7; Tr. of Zoom Oral Arg. at 15:9–14.

13

discussed the implications of the Superior Court's dismissal subject to the Plaintiff's right of transfer:

> If the Superior Court Order is read as an unconditional dismissal without prejudice, then nothing in Section 1902 prevents the Plaintiff from re-filing this matter in Chancery as a new complaint, albeit without the benefit of the filing date relating back to the original Superior Court complaint. On the other hand, if the Superior Court Order is read as providing for a dismissal without prejudice *conditioned upon* compliance with the requirement to file in Chancery within 60 days, **the matter may be considered dismissed with prejudice**.[55]

Here, as in *Wells Fargo*, the transferring court is entitled to deference in crafting the disposition of the action in the event that a plaintiff fails to carry out the transfer as ordered. However, unlike the Superior Court's order in *Wells Fargo*, the JP Court's order in this case requires no interpretation—it clearly calls for dismissal with prejudice as the sanction for untimely filing.

None of the exceptions to law of the case apply here. Circumstances have not changed and dismissal with prejudice is not clearly wrong. Insofar as Plaintiff argues that it produces an injustice because Plaintiff was proceeding *pro se* in JP Court, the Court notes that "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff."[56] Moreover, this result is consistent with a key underlying purpose of law of the case, to "prevent the relitigation of prior determinations and inconsistent judgments."[57] Here, the JP Court followed through on its own directive and dismissed the action with prejudice.[58] If this Court were to dismiss the action without prejudice, inconsistent

---

[55] *Wells Fargo II*, 2014 WL 6478788, at *4 (emphasis supplied).

[56] *Draper v. Med. Ctr. of Delaware*, 767 A.2d 796, 799 (Del. 2001).

[57] *Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 818 (Del. Super. 2009) (quoting *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.,* 711 A.2d 45, 55 (Del. Super. 1995)).

[58] Since the JP Court's dismissal with prejudice occurred after the case was filed in this Court, that order is not itself the law of the case. However, on its own terms, the August 11, 2021, order was

14

judgments would clearly result—a single action cannot be dismissed both with and without prejudice. The Court will not resurrect an action already disposed of with finality by the JP Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's action is dismissed **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record

---

simply carrying out the directive of the June 10, 2021, order. It is not clear whether the JP Court was aware that a complaint had been untimely filed in this Court when it dismissed the JP Court action with prejudice.

15